# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

BRANDON EVANS, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

BBG COMMUNICATIONS, INC., a Delaware corporation, and DOES 1 - 10,

Defendant.

**CASE NO. 10-CV-0542 H (NLS)**

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

**(2) DENYING DEFENDANT'S MOTION TO STAY**

On March 12, 2010, Brandon Evans ("Plaintiff") filed a class-action complaint against BBG Communications, Inc. ("Defendant"). (Doc. No. 1.) Plaintiff's complaint alleges causes of action for violation of the Federal Communications Act ("FCA"), 47 U.S.C. §§ 201(b), 206, & 226(h); violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; unjust enrichment; conversion; and declaratory relief. (Doc. No. 1.) On May 24, 2010, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to stay claims pursuant to the primary jurisdiction doctrine. (Doc. No. 5.) On June 7, 2010, Plaintiff filed a response in opposition to Defendant's motion to dismiss and stay. (Doc. No. 9.) On June 14, 2010, Defendant filed a reply in support of its motion to dismiss and stay. (Doc. No. 10.) On June 16, 2010, the Court determined this matter is appropriate for

resolution without oral argument and submitted the motion on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 11.) For the reasons set forth below, the Court grants Defendant's motion to dismiss without prejudice and denies as moot Defendant's motion to stay.

## BACKGROUND

Plaintiff alleges that on November 25, 2009, he was vacationing on a cruise in The Bahamas when his ship stopped at Nassau. (Id. ¶ 11.) Plaintiff alleges that he exited the cruise ship and proceeded to a bank of payphones located at the cruise-ship terminal. (Id.) Plaintiff alleges that he saw a yellow and black sticker on each of the payphones stating "U.S./International Calls from $.69 per minute" and that the payphones did not display any other disclosures regarding rates, fees, or charges. (Id.) Plaintiff alleges that he relied on this per-minute rate and attempted to call his family in the United States. (Id. ¶ 12.) Plaintiff alleges that he swiped his debit card at the payphone and was connected to one of Defendant's operators. (Id.) Plaintiff alleges that the operator made no disclosures regarding rates, fees, or charges. (Id.) Plaintiff alleges that he used Defendant's service to place two calls that each lasted approximately one minute and one call that lasted approximately two minutes. (Id. ¶ 13.) Plaintiff alleges that Defendant charged his debit card $1.95 for each of the three calls and $41.89 for the first call, $41.91 for the second call, and $41.94 for the third call. (Id. ¶ 14.)

## DISCUSSION

### I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

### A. Legal Standard

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

**B. Violation of Federal Communications Act, 47 U.S.C. §§ 201(b) & 206**

Plaintiff's first cause of action is for violation of sections 201(b) and 206 of the FCA. (Doc. No. 1 ¶¶ 27-32.) Plaintiff alleges that Defendant imposed excessive charges on customers using Defendant's serviced payphones and that Plaintiff was charged an unjust and unreasonable fee of $131.59. (Id. ¶ 30.) Section 201(b) of the FCA provides that "[a]ll charges, practices, classifications, and regulations . . . shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful." 47 U.S.C. § 201(b). Section 206 provides that:

> In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful . . . such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter . . . .

47 U.S.C. § 206. In North County Communications Corp. v. California Catalog & Technology, the Ninth Circuit held that before any private party can proceed under section 201(b), it must first obtain a determination from the Federal Communications Commission ("FCC") that a challenged practice is "unjust or unreasonable" within the meaning of the statute. 594 F.3d 1149, 1158-59 (9th Cir. 2010) (holding that "an FCC determination is integral to claims involving § 201(b)"). Moreover, the North County court explained that

"there must be an independent right to compensation for a private right of action to lie under §§ 206 and 207." North County, 594 F.3d at 1160; see Greene v. Sprint Comm'ns Co., 340 F.3d 1047, 1050 (9th Cir. 2003) ("[T]he private right of action created by §§ 206 and 207 extends only to violations of this chapter[.]"). Plaintiff has not sought a determination from the FCC regarding whether Defendant's practices are unjust or unreasonable. Accordingly, Plaintiff may not assert a private cause of action under section 201(b). See North County, 594 F.3d at 1158-59. Because Plaintiff cannot presently bring a claim pursuant to section 201(b) and has no other independent cause of action under the FCA, the remedies described in section 206 are also unavailable to Plaintiff. See id. at 1160. The Court therefore grants Defendant's motion to dismiss Plaintiff's first cause of action.

**C. Violation of Federal Communications Act, 47 U.S.C. §§ 226(h) & 206**

Plaintiff's second cause of action is for violation of sections 226(h) and 206 of the FCA. (Doc. No. 1 ¶¶ 33-38.) In his opposition to Defendant's motion to dismiss, Plaintiff concedes that his claim under section 226(h) should be dismissed. (Doc. No. 9 at 7, 17 n.2.) Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's second cause of action.

**D. California Unfair Competition Law**

Plaintiff's third cause of action is for violation of the UCL, Cal. Bus. & Prof. Code § 17200. (Doc. No. 1 ¶¶ 39-45.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that Defendant's activities are unfair and unlawful within the meaning of the UCL. (Id. ¶¶ 42-43.) The allegations in Plaintiff's UCL claim mirror those in his section 201(b) cause of action—that Defendant imposed excessive charges in connection with Plaintiff's use of Defendant's calling service. In Blanks v. Shaw, a California appellate court held that, where a dispute must first be heard by an administrative body, a litigant may not "circumvent the pre-suit requirement of filing first with the [agency]" by pursuing a cause of action under the UCL. 171 Cal. App. 4th 336, 363-69 (2009). This is consistent with California law prohibiting UCL claims where the Legislature has specifically concluded that no action should lie. See Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.

4th 163, 182 (1999); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082-83 (9th Cir. 2007). The Ninth Circuit has concluded that the FCA requires that claims challenging charges as unjust or unreasonable under section 201(b) must be heard by the FCC before proceeding in court. North County, 594 F.3d at 1158-59. The Court therefore concludes that Plaintiff may not circumvent the structure of the FCA by pursuing a claim under the UCL and grants Defendant's motion to dismiss Plaintiff's third cause of action. See Blanks, 171 Cal. App. 4th at 365.

**E. Unjust Enrichment**

Plaintiff's fourth cause of action is for unjust enrichment. (Doc. No. 1 ¶¶ 46-48.) Plaintiff alleges that Defendant charged and unjustifiably retained excessive sums of money from Plaintiff and that Defendant was unjustly enriched at Plaintiff's expense. (Id. ¶¶ 47-48.) "There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2006). Plaintiff contends that his claim for unjust enrichment is really an action for restitution based on quasi-contract principles. (See Doc. No. 9 at 16-17.) This is not clear, however, from Plaintiff's complaint. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's fourth cause of action.

**F. Conversion**

Plaintiff's fifth cause of action is for conversion. (Doc. No. 1 ¶¶ 49-52.) Plaintiff alleges that he owned property in the form of a specific and identifiable sum of money held by his debit card and that Defendant converted his money through its wrongful acts. (Id. ¶¶ 50-51.) Defendant's motion to dismiss argues that Plaintiff's claim for conversion fails because one cannot maintain a conversion claim based on overcharging. (Doc. No. 5-1 at 22-23.) Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion arethe plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." Greka Integrated, Inc. v. Lowrey, 133 Cal. App. 4th 1572, 1581 (2005) (quotation marks and citation omitted). "Money cannot be the subject

of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." McKell, 142 Cal. App. 4th at 1491. Additionally, a cause of action for conversion may not be based on an overcharge. Id. at 1492 (dismissing a cause of action for conversion because "[p]laintiffs cite no authority for the proposition that a cause of action for conversion may be based on an overcharge"). Plaintiff contends that his conversion claim does not merely allege an overcharge, but additionally that Defendant imposed undisclosed fees and charges on his card. (Doc. No. 9 at 16.) This allegation, however, is not clearly articulated in Plaintiff's cause of action for conversion. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's fifth cause of action.

### G. Declaratory Relief

Plaintiff's sixth cause of action is for declaratory relief. (Doc. No. 1 ¶¶ 53-55.) Under 28 U.S.C. § 2201, "[in] a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1356-57 (9th Cir. 1985). The Court concludes that the declaratory relief Plaintiff seeks is entirely commensurate with the relief sought through his other causes of action. Thus, Plaintiff's declaratory relief claim is duplicative and will neither serve a useful purpose in clarifying legal relations nor terminate the proceedings. See id. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's sixth cause of action.

## II. Motion to Stay Pursuant to the Primary Jurisdiction Doctrine

Defendant also moves to stay Plaintiff's first, second, and sixth causes of action pursuant to the primary jurisdiction doctrine. (Doc. No. 5-1 at 23-27.) The Court has granted Defendant's motion to dismiss these causes of action and accordingly denies as moot Defendant's motion to stay.

**CONCLUSION**

For the reasons set forth above, the Court grants Defendant's motion to dismiss Plaintiff's complaint without prejudice and denies as moot Defendant's motion to stay. Plaintiff may file an amended complaint curing the highlighted deficiencies within thirty days of the issuance of this order.

**IT IS SO ORDERED**.

DATED: June 18, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record