FRED R. PUGLISI, Cal. Bar No. 121822
VALERIE E. ALTER, Cal. Bar No. 239905
ELIZABETH S. BERMAN, Cal. Bar No. 252377
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: 310-228-3700
Facsimile: 310-228-3701
fpuglisi@sheppardmullin.com
valter@sheppardmullin.com
eberman@sheppardmullin.com

Attorneys for Defendant,
BBG Communications, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EVANS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., a Delaware CORPORATION, and DOES 1 - 10,<br><br>Defendant. | Case No. 10-CV-0542-H-NLS<br><br>**DEFENDANT BBG COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hon. Marilyn L. Huff<br><br>Date: August 30, 2010<br>Time: 10:30 a.m.<br>Courtroom: 13 |

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1

II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ........ 1

A. Plaintiff's FAC Should Be Dismissed Because Applying California Law Would Violate The Due Process Clause Of The United States Constitution. ........ 1

B. Plaintiff's Claim For Violation Of Section 17200 Fails ........ 3

1. Plaintiff May Not Use the UCL to Circumvent the FCA To Challenge BBG Communications' Alleged Disclosures ........ 3

2. Plaintiff Lacks Standing Under the UCL Because He Does Not Sufficiently Allege Justifiable Reliance. ........ 4

3. BBG Communications Has No Duty To Disclose Its Alleged Fees. ........ 5

4. BBG Communications' Business Practices Are Not Unfair ........ 8

C. Plaintiff's Claim For Breach Of Implied Contract Fails. ........ 9

1. Plaintiff's Claim For Breach Of An Implied-In-Fact Contract Fails. ........ 9

2. Plaintiff's Claim For Breach Of An Implied-In-Law Contract Fails. ........ 9

D. Plaintiff's Conversion Claim Fails. ........ 10

III. CONCLUSION ........ 10

TABLE OF AUTHORITIES

Page(s)

Cases

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ..... 5

*Berryman v. Marit Prop. Mgmt, Inc.*
152 Cal.App.4th 1544 ..... 8

*Cattie v. Wal-Mart Stores, Inc.*
504 F.Supp.2d 939 (S.D. Cal. 2007) ..... 5

*Cel-Tech Telecommunications, Inc. v. Los Angeles Cellular Telephone Co.*
20 Cal.4th 163 (1999) ..... 8

*Churchill Village v. General Electric Co.*
169 F. Supp. 2d 1119 (N.D. Cal. 2000) ..... 8

*Davenport v. Litton Loan Servicing, LP*
2010 U.S. Dist. LEXIS 71561 (N.D. Cal. July 16, 2010) ..... 8

*Doe v. Wal-Mart Stores, Inc.*
No. 05-7307, 2007 U.S. Dist. LEXIS 98102 (March 30, 2007) ..... 2

*Durell v. Sharp Healthcare*
183 Cal.App.4th 1350 (Apr. 19, 2010) ..... 5

*Fabbrini v. City of Dunsmuir*
544 F. Supp. 2d 1044 (E.D. Cal. 2008) ..... 9

*Fremont Indemnity Co. v. Fremont General Corp.*
148 Cal.App.4th 97 (2007) ..... 10

*Gregory v. Albertson's, Inc.*
104 Cal.App.4th 845 (2002) ..... 8

*Hale v. Sharp Healthcare*
183 Cal.App.4th 1373 (2010) ..... 4

*Kent v. Hewlett Packard Co.*
No. 09-5341, 2010 U.S. Dist. LEXIS 76818 (N.D. Cal. Jul. 6, 2010) ..... 5

*Laster v. T-Mobile USA, Inc.*
No. 05cv1167, 2009 U.S. Dist. LEXIS 116228 (S.D. Cal. Dec. 14, 2009) ..... 4

*McBride v. Boughton*
123 Cal.App.4th 379 (2004)........................................9, 10

*McKell v. Washington Mutual, Inc.*
142 Cal.App.4th 1457 (2006)........................................10

*Meyer v. Holley*
537 U.S. 280 (2003)........................................7

*Motors, Inc. v. Times Mirror Co.*
102 Cal.App.3d 735 (1980)........................................8

*North County Communications Corp. v. California Catalog & Technology*
594 F.3d 1149 (9th Cir. 2010)........................................3

*OCM Principal Opportunities Fund v. CIBC World Markets Corp.*
157 Cal.App.4th 835 (2007)........................................6

*Phillips Petroleum Co. v. Shutts*
472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985)........................................1

*Princess Cruise Lines, Ltd. v. Superior Court*
179 Cal.App.4th 36 (2009)........................................4, 5, 6

*Priyanto v. MS/Amsterdam*
No. 07-3811, 2009 U.S. Dist. LEXIS 7849 (C.D. Cal. Jan. 23, 2009)........................................2

*Smale v. Cellco Partnership d.b.a. Verizon Wireless*
547 F. Supp. 2d 1181 (W.D. Wash. 2008)........................................6

*Spiegler v. Home Depot USA, Inc.*
552 F.Supp.2d 1036 (2008)........................................9

*In re Tobacco II Cases*
46 Cal.4th 298 (2009)........................................4, 5

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003)........................................4

*Warner Const. Corp. v. City of Los Angeles*
2 Cal.3d 285 (1970)........................................7

*Weitzenkorn v. Lesser*
40 Cal.2d 778 (1953)........................................9

<u>Statutes</u>

47 U.S.C. § 201(b)........................................3, 4

Cal. Bus. & Prof. Code § 17200 et seq........................................2,3 4

Cal. Civ. Code § 1710 .................................................................................................... 4

## I. INTRODUCTION

Plaintiff's FAC fails in its entirety and, because Plaintiff fails to argue that it can be amended yet again to sufficiently state claims for violation of California's Unfair Competition Law, Breach of Contract or Conversion, it should be dismissed with prejudice.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

### A. Plaintiff's FAC Should Be Dismissed Because Applying California Law Would Violate The Due Process Clause Of The United States Constitution.

Plaintiff does not dispute the basic legal premises cited in BBG Communications' opening brief, namely that California "must have a significant contact or significant aggregation of contacts" with Plaintiff's allegations "such that choice of its law is neither arbitrary nor fundamentally unfair." [Oppo. 6:5-8 (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 837, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985)).] Rather, Plaintiff claims, in reliance on some of the very authorities cited in BBG Communication's moving papers, that it is constitutional to apply California law here because BBG Communications allegedly "operates all aspects of its services, including the operator, billing, and telecommunications services from its business offices in San Diego." [*Id.* 6:18-19.] Plaintiff's argument is unavailing for at least three reasons.

*First*, Plaintiff has not alleged any *facts* to support his conclusory allegation.[1] This is not surprising as pursuant to Bahamian law, "[p]ersons wishing to apply for an individual license must - (a) be legal entities duly incorporated in The Bahamas; (b) conduct the administration and management of the business from premises in The Bahamas." Bahamas Telecommunications Act, 2009, § 26(3)(a)-(b).[2] Plaintiff's equally conclusory claim that BBG Communications made certain management decisions from its California headquarters is similarly insufficient to justify the application of California law. *See, e.g., Doe v. Wal-Mart Stores, Inc.*, No. 05-7307, 2007 U.S. Dist. LEXIS 98102 (March 30, 2007) ("To the extent the non-California Plaintiffs are alleging

---

[1] This conclusory allegation is made in bad faith as even the simplest of investigations by Plaintiff would reveal that the San Diego facilities referenced in the FAC are incapable of supporting all the referenced services.

[2] BBG Communications submitted a copy of the Telecommunications Act, 2009 with its Request For Judicial Notice. [Docket No. 16]

violations of Section 17200 based on conduct that occurred in factories in foreign countries, such conduct is not within the reach of the statute."); *Priyanto v. MS/Amsterdam*, No. 07-3811, 2009 U.S. Dist. LEXIS 7849 at *6 (C.D. Cal. Jan. 23, 2009); .[3]

*Second*, Plaintiff completely ignores that California law (as interpreted by Plaintiff) conflicts with Bahamian law. Plaintiff seeks to impose liability on BBG Communications because it allegedly failed to disclose its rates to Plaintiff. However, Bahamian law permits the Bahamian Utilities Regulation & Competition Authority ("**URCA**") to impose such disclosure requirements ***only where an entity has market power***. *See* Bahamas Telecommunications Act, 2009, § 40(h) Plaintiff has not alleged that BBG Communications has any market power, and the Bahamas Telecommunications Act, 2009 contains no provision permitting the UCRA to require that entities without market power disclose their rates. In sum, Plaintiff seeks to export California law and apply it to business practices and disclosures made on Bahamian soil, despite the fact that Plaintiff's interpretation of California law directly conflicts with the law of The Bahamas, an indisputably sovereign nation.

*Finally*, Plaintiff ignores the fact that BBG Communications could not reasonably have expected California law to apply to the conduct at issue in this case. Plaintiff merely pays lip service to this issue, claiming that BBG Communications "cannot deny that it expects to be sued in California under California law" because it is headquartered in California. [Oppo. 7:17-21.] Plaintiff's argument misses the mark. Even taking the allegations in Plaintiff's FAC as true, BBG Communications could not have anticipated that California law would govern the claims of a North Carolina resident who made a call from The Bahamas to North Carolina. [FAC ¶¶ 6, 12-16.] The conduct that forms the basis of Plaintiff's FAC all occurred in The Bahamas. As noted above, Bahamian law ***does not require the disclosures that Plaintiff seeks to impose here***.

---

[3] Plaintiff attempts to distinguish *Priyanto* on the grounds that it "cited *Sullivan v. Oracle Corp.*, 547 F.3d 1177, 1187 (9th Cir. 2008) as its reasoning for this proposition. But the Ninth Circuit has since withdrawn its opinion in *Sullivan* and asked the California Supreme Court for help in deciding this issue." [Oppo. 7:2-8.] Plaintiff's argument is unconvincing because the fact that the court in *Priyanto* cited *Sullivan* in support of its reasoning does not automatically render the reasoning in *Priyanto* unsound. *Priyanto* itself stands for the cited proposition and it is still good law. Plaintiff makes no attempt to distinguish *Doe v. Wal-Mart*.

Plaintiff cannot seriously contend that BBG Communications should have anticipated that it would be subjected to California law, instead of the law of the sovereign nation in which the alleged conduct at issue occurred. Thus, applying California law to Plaintiff's FAC would violate the Due Process Clause, and Plaintiff's FAC should be dismissed.

**B. <u>Plaintiff's Claim For Violation Of Section 17200 Fails.</u>**

Plaintiff concedes, as he must given this Court's Order on BBG Communications' previous motion to dismiss [Doc. 12 at 4-5], that his UCL cause of action does not challenge the reasonableness of BBG Communications' alleged fees. [Oppo. at 8:12-15 ("Evans does not allege that the amount of the those charges is unreasonable.").] Thus, his allegation that BBG Communications violates the UCL because it charges "excessive" fees is superfluous. Accordingly, the sole issue is whether Plaintiff can state a UCL claim on the basis that it was "unfair" to have charged Plaintiff a previously undisclosed, but reasonable fee in connection with the long-distance phone calls that he made to North Carolina from The Bahamas. He cannot because (1) his claim is barred by the pre-suit requirement of FCA; (2) he lacks standing to state a UCL claim based on a nondisclosure; (3) BBG Communications had no duty to disclose its alleged fees in advance of the alleged calls; and (4) BBG Communications' practices are not "unfair" as a matter of law.

**1. <u>Plaintiff May Not Use the UCL to Circumvent the FCA To Challenge BBG Communications' Alleged Disclosures.</u>**

Section 201(b) of the FCA requires that all practices in connection with telecommunications service be just and reasonable. 47 U.S.C. § 201(b). Plaintiff's UCL claim challenges the reasonableness of one of BBG Communications' alleged business practices -- its disclosures. [*See* Oppo. at 8:12.] Plaintiff argues that because he is now focusing on the disclosures instead of the amount of the charges, he has addressed the Court's concerns pursuant to *North County Communications Corp. v. California Catalog & Technology*, 594 F.3d 1149 (9th Cir. 2010). [Oppo. at 8:6-15.] Plaintiff is wrong. That is why he does not argue, or cite a single case, that Section 201(b) does not apply to BBG Communications' alleged disclosure practices. Thus, the same reasoning set forth in the Court's June 18, 2010 Order applies to the FAC (*i.e.*, that Plaintiff

may not use the UCL to circumvent the structure of the FCA), and his UCL claim must be dismissed because Plaintiff has not first sought a determination from the FCC regarding the reasonableness of BBG Communications' alleged disclosures.

**2. <u>Plaintiff Lacks Standing Under the UCL Because He Does Not Sufficiently Allege Justifiable Reliance.</u>**

A plaintiff has standing under the UCL if he suffered an injury in fact and lost money or property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17204. The California Supreme Court held that "this language imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *In re Tobacco II Cases* ("*Tobacco II*"), 46 Cal.4th 298, 326 (2009). Reliance is required here because Plaintiff's claim is based on BBG Communications' alleged failure to disclose information, *i.e.*, it is a misrepresentation case based on an omission, which is a form of fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); Cal. Civ. Code § 1710.

Plaintiff argues that because he is not alleging a violation under the fraud prong of the UCL, he is not required to allege reliance. [Oppo. at 11-12.] This argument has been considered and rejected by several California courts, including this Court, which have held that the reliance requirement of *Tobacco II* applies equally to the "unfair" and "unlawful" prongs of the UCL in deceit type claims. *E.g.*, *.Laster v. T-Mobile USA, Inc.*, No. 05cv1167, 2009 U.S. Dist. LEXIS 116228, n. 1(S.D. Cal. Dec. 14, 2009) (…"there is no reasons to conclude that an 'unfair' UCL claim predicated upon false advertising and misrepresentation would not be subject to *Tobacco II*'s actual reliance requirement."); *Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1385 (2010) ("we conclude the reasoning of *Tobacco II* applies equally to the 'unlawful' prong of the UCL, when, as here, the predicate unlawful conduct is misrepresentation.")

Plaintiff's citation to *Princess Cruise Lines* is irrelevant to his argument because the UCL claim there was predicated on the fraudulent prong; thus it is unremarkable that the Court held reliance was required under *Tobacco II*. *Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal.App.4th 36, 42-43 (2009). Indeed, *Princess Cruise Lines* is actually consistent with BBG' Communications' position. *Id.* at 43 ("There are two aspects to [*Tobacco II*'s] holding. First, it is

very clear that reliance is required in a UCL action. Second, it is also clear that this is true of UCL actions **involving some form of fraud**, but not all UCL actions.") (emphasis added).[4] In any event, the Court is not bound by the label Plaintiff gives to his claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1363 (Apr. 19, 2010) ("A consumer's burden of pleading causation in a UCL action should hinge on the nature of the alleged wrongdoing rather than the specific prong of the UCL the consumer invokes.") (citing *Tobacco II*, 46 Cal.4th at 325, n. 17, and *Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939, 948 (S.D. Cal. 2007)).).

Plaintiff next argues that even if he were required to allege justifiable reliance (which he is), he has sufficiently done so. [Oppo. at 12.] His conclusory recitation of the equally conclusory allegations in his FAC, however, fails to adequately explain why he meets this pleading standard. As set forth in more detail in the moving papers, Plaintiff must allege that BBG Communications' made statements to him,[5] and that the allegedly undisclosed information was not readily available to him. [*See* Motion at 19-20.] He does not allege these critical facts, nor does he represent in his Opposition that he could amend his FAC to allege them in good faith. Therefore, Plaintiff's UCL claim should be dismissed with prejudice for lack of statutory standing.

**3. <u>BBG Communications Has No Duty To Disclose Its Alleged Fees.</u>**

As he does with respect to reliance, Plaintiff argues that it is only necessary to allege that a defendant has a duty to disclose where the plaintiff alleges that a defendant violated the fraud prong of the UCL. [Oppo. at 8.] Again, Plaintiff is wrong. *Kent v. Hewlett Packard Co.*, No. 09-5341, 2010 U.S. Dist. LEXIS 76818 (N.D. Cal. Jul. 6, 2010) (rejecting theory focused on misrepresentation and omission under unfairness prong of UCL because plaintiffs failed to allege a duty to disclose that could render defendant liable for alleged omission). As with *Princess*

---

[4] Plaintiff misunderstands the distinction made by *Tobacco II* between types of UCL actions. The Supreme Court was merely recognizing that there were many types of business practices that could violate the UCL but were unrelated to fraud-like conduct, where allegations regarding reliance would be misplaced or otherwise irrelevant. *See Tobacco II*, 46 Cal.4th at 325, n.17.

[5] As discussed in more detail below in Section II(B)(3)(b), Plaintiff's attempt to attribute the statements made on the stickers on the payphones to BBG Communications is unavailing.

*Cruise Lines*, *supra*, it is unremarkable that the case Plaintiff cites in his Opposition holds that a plaintiff alleging intentional nondisclosure is required to allege a duty to disclose in order to state a claim. *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal.App.4th 835, 859 (2007). It does not follow that one is relieved from the obligation to allege a duty to disclose in a UCL unfairness action from the fact that one is required to allege it in a fraud action – they are not mutually exclusive propositions. The law is clear that a duty to disclose is required in both kinds of actions.

Plaintiff argues that even if he were required to allege BBG Communications had a duty to disclose (which he is), it had such a duty because (1) BBG Communications had exclusive knowledge about its ancillary charges that were not reasonably known or available to Plaintiff (Oppo. at 9); and (2) BBG Communications is aware that payphone owners provide partial and inaccurate rate and fee information, and BBG suppressed facts regarding its ancillary charges (Oppo. at 10). As set forth in the moving papers, neither theory gives rise to a duty to disclose under California law.

**a. <u>BBG Communications Did Not Have Exclusive Knowledge About Its Alleged Charges.</u>**

Plaintiff still cites to no case where a consumer requested services, provided his credit or debit card and authorized payment, was not told how much the services would cost, did not ask how much the services would cost, accepted the benefit of the services, was charged a reasonable fee, and then brought a successful UCL claim. This is likely because no such case exists. *See, e.g., Smale v. Cellco Partnership d.b.a. Verizon Wireless*, 547 F. Supp. 2d 1181 (W.D. Wash. 2008) ("Customers who contacted Verizon with questions about the nature of the fee might have a claim if Verizon refused to provide such information or made misleading statements, but that is not the case before the court. . . .").

Rather, he argues that whether a consumer should have to ask the operator for fee information and whether the operator would be able to provide the information is a question of fact not before the Court on a Motion to Dismiss. [Oppo. at 9:4-9.] Plaintiff misses the point: he bears the burden to allege that BBG Communications had exclusive knowledge about its ancillary

charges, and that BBG Communications knew the information was not known to Plaintiff nor reasonably discoverable by him. *Warner Const. Corp. v. City of Los Angeles*, 2 Cal.3d 285, 294 (1970). Absent such good faith allegations, plaintiff fails to allege that BBG Communications had a duty to disclose and, therefore, his UCL claim fails.[6]

**b. <u>BBG Communications Did Not Make Partial Representations Or Suppress Material Facts.</u>**

In its moving papers, BBG Communications argued that Plaintiff does not attribute the sticker allegedly placed on the payphone by a third party to BBG Communications, and therefore he fails to allege a duty to disclose under this second theory because he must allege the ***defendant*** made partial representations, not a third party. [Motion at 16-17.] Plaintiff responds by arguing that BBG is nevertheless liable for the payphone owners' misrepresentations made to consumers, and cites to Paragraph 10 of the FAC. [Oppo. at 9-10.]

In essence, Plaintiff is arguing an agency theory, but he does not allege any facts to support his argument. To the contrary, all he alleges is that "BBG contracts with airports, hotels, and other payphone service providers to provide long distance collect and credit card calls. . .." [*See* FAC ¶ 4.] A mere contractual relationship does not establish agency. *See Meyer v. Holley*, 537 U.S. 280, 285-86 (2003). Nor do Plaintiff's general allegations in Paragraph 10 that BBG Communications forms "joint ventures" with unidentified payphone owners and "partnerships with airports" establish that the particular owner of the particular cruise terminal payphone Plaintiff used (a) placed the $0.69 sticker on the phone and (b) was BBG Communications' agent so as to attribute the statements on the sticker to BBG Communications.

Further, BBG Communications did not suppress any facts. Plaintiff presumably knew he would be charged a reasonable fee. Just because he was allegedly unaware of the exact amount of that reasonable fee in advance of a call does not by itself give rise to a duty to disclose. Nor do the

---

[6] Leave to amend to allege this would be futile because Plaintiff admits that he spoke to three live operators. [FAC ¶ ¶ 14-15.] Under those circumstances, it would be disingenuous to allege that he could not ask one of the operators how much his calls would cost.

various unauthorized statements that could be made by a random third party impact a defendant's obligations to its consumers. To hold otherwise would render commerce impossible.

**4. BBG Communications' Business Practices Are Not Unfair.**

Plaintiff argues that he meets the "unfair" balancing test because charging $131.69 for four minutes worth of international long-distances calls is plainly immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers. [Oppo. at 11.] Plaintiff is mistaken.

First, as a matter of law, it can not be unfair to charge a reasonable fee. Plaintiff's attempt to argue otherwise is a backdoor attempt to challenge this Court's prior Order.

Second, the test cited by Plaintiff has been expressly rejected by the California Supreme Court. *Cel-Tech Telecommunications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 184-85 (1999) (rejecting immoral test as too amorphous); *Davenport v. Litton Loan Servicing, LP*, 2010 U.S. Dist. LEXIS 71561, n.5 (N.D. Cal. July 16, 2010).

Third, Plaintiff's argument that the *Cel-Tech* test is inapplicable to consumer cases is wrong. [Oppo. at 10-11.] The *Cel-Tech* test has routinely been applied to consumer UCL actions. *See, e.g., Churchill Village v. General Electric Co.*, 169 F. Supp. 2d 1119, 1130 n. 10 (N.D. Cal. 2000); *Gregory v. Albertson's, Inc.*, 104 Cal.App.4th 845, 854 (2002).

Fourth, Plaintiff's argument based on *Motors, Inc. v. Times Mirror Co.*, 102 Cal.App.3d 735, 740 (1980), that this court is "ill-equipped to apply the balancing test at the pleading stage" is overstated. "Difficult most of the time" does not mean "impossible all of the time." *See Berryman v. Marit Prop. Mgmt, Inc.*, 152 Cal.App.4th 1544, 1556 ("We do not take the statement in Motors, Inc. to mean that a special rule applies to demurrers in cases under the UCL. It simply reflects the general rule that questions of fact — such as whether the utility of the defendant's conduct outweighed the gravity of the harm — cannot be decided on demurrer. If, however, as here, the facts as pled would not state a claim even if they were true, the demurrer may be sustained. The facts pled here do not state a claim that as a result of any wrongful conduct by Merit, plaintiffs suffered a substantial, unavoidable injury.") As in *Berryman*, it is appropriate here for the Court to make this determination as a matter of law because Plaintiff fails to allege that he suffered a substantial, unavoidable injury.

Finally, Plaintiff's UCL claim fails as a matter of law because he does not allege that BBG Communications is prohibited by law from charging the fees, nor does he allege that BBG Communications' (not an unidentified third party's ) disclosures were misleading. *See Spiegler v. Home Depot USA, Inc.*, 552 F.Supp.2d 1036, 1046 (2008). Thus, regardless of which test the Court applies, Plaintiff's UCL claim should be dismissed.

**C. Plaintiff's Claim For Breach Of Implied Contract Fails.**

**1. Plaintiff's Claim For Breach Of An Implied-In-Fact Contract Fails.**

BBG Communications moved to dismiss this claim on the grounds that Plaintiff failed to allege the existence of a contract between the parties and its terms. [Motion 20:6-10.] Plaintiff concedes that he must plead the same elements here that a plaintiff claiming breach of an express contract must plead. [Oppo. 12:23-13:4.] Plaintiff then argues that he has sufficiently alleged the existence of a contract between him and BBG Communications and its terms because he alleges that he agreed "to pay BBG for their payphone services offered at a starting rate of $.69 a minute" and BBG Communications "connected Plaintiff's call." [Oppo. 13:5-10.] Plaintiff's *Opposition*, however, is based on a contract that is not alleged in his FAC. Plaintiff does not allege in the FAC that BBG Communications offered him payphone services starting at $0.69 per minute. Rather, Plaintiff expressly admits and that BBG Communications did not place the sticker offering calls from $0.69 per minute on the payphone. [FAC ¶ 13 (alleging that payphone owners are allegedly responsible for the "partial and inaccurate rate and fee information" placed on payphones).] As BBG Communications did not make the alleged offer to Plaintiff, the contract that Plaintiff alleges in his *Opposition* cannot exist between him and BBG Communications. Furthermore, Plaintiff cannot amend his FAC in his *Opposition* to allege that BBG Communications offered Plaintiff a rate of $0.69 a minute. *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) ("Plaintiff's statements in his opposition brief cannot amend the Complaint. . . "). Thus, Plaintiff's implied-in-fact contract claim fails a matter of law and must be dismissed.

**2. Plaintiff's Claim For Breach Of An Implied-In-Law Contract Fails.**

Plaintiff, relying on the same cases upon which BBG Communications relied in its moving papers – *Weitzenkorn v. Lesser*, 40 Cal.2d 778, 794 (1953) and *McBride v. Boughton*, 123

Cal.App.4th 379 (2004) – argues that he has sufficiently pled the existence of an implied-in-law contract because (1) he has pled a violation of the UCL and (2) he was not charged for the phone calls to North Carolina "on the terms he had expected. Rather than solely being charged a per-minute rate, Evans was charged ancillary fees that were never disclosed to him. . . " [Oppo. 13:13, 24-26.] Plaintiff's argument fails because Plaintiff has not pled a violation of the UCL for the reasons stated above. Because Plaintiff's claim for breach of an implied-in-law contract does not create a contract or other rights where none existed, and his right to a quasi-contract remedy therefore rises and falls with his UCL claim, *McBride*, 123 Cal.App.4th 379, Plaintiff is not entitled to any recovery under a quasi contract theory, and his claim must be dismissed.

**D. <u>Plaintiff's Conversion Claim Fails.</u>**

Plaintiff argues that he can state a claim for conversion based on allegations that BBG Communications failed to disclose that he would be charged "additional fees" that he could not have known existed. [Oppo. at 14.] Plaintiff, however, cites to no authority for the proposition that a conversion claim can be stated on such facts, and BBG Communications is unaware of any such authority.

The essence of conversion is "the wrongful exercise of dominion over the personal property of another." *Fremont Indemnity Co. v. Fremont General Corp.*, 148 Cal.App.4th 97, 119 (2007). As set forth above in Section II(B)(3), BBG Communications' failure to disclose this information to Plaintiff was not "wrongful" because BBG Communications had no duty to do so. Further, Plaintiff misunderstands what is meant by a "specific identifiable sum" of money. [*See* Oppo. at 14-15.] Plaintiff is really seeking damages because he thinks he was overcharged as a result of the alleged non-disclosure. At its core, the FAC is still inadequate to state a claim for conversion. *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1491 (2006).

## III. <u>CONCLUSION</u>

For the reasons explained above, BBG Communications respectfully requests that the Court dismiss Plaintiff's FAC with prejudice.

Dated: August 23, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/Fred R. Puglisi

FRED R. PUGLISI

Attorneys for Defendant,
BBG Communications, Inc.