# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EVANS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BBG COMMUNICATIONS, INC., a Delaware corporation, and DOES 1 - 10,<br><br>Defendant. | **CASE NO. 10-CV-0542 H (NLS)**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

On March 12, 2010, Brandon Evans ("Evans") filed a class-action complaint against BBG Communications, Inc. ("BBG"). (Doc. No. 1.) On July 16, 2010, Plaintiff filed a first amended complaint ("FAC") alleging causes of action for unfair competition, breach of implied contract, and conversion. (Doc. No. 13.) On July 30, 2010, Defendant filed a motion to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15.) On August 3, 2010, Defendant filed a request for judicial notice. (Doc. No. 16.) On August 16, 2010, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 17.) On August 23, 2010, Defendant filed a reply in support of its motion to dismiss. (Doc. No. 19.) On September 3, 2010, the Court held a telephonic hearing on Defendant's motion to dismiss. Eric Benink appeared on behalf of Plaintiff and Fred Puglisi appeared on behalf of Defendant.

On September 3, 2010, the Court ordered supplemental briefing on the motion to

1  dismiss.  (Doc. No. 22.)  On September 20, 2010, Defendant BBG Communications filed its
2  supplemental brief in support of its motion to dismiss.  (Doc. No. 24.)  On October 4, 20010,
3  Plaintiff Evans filed his supplemental brief in opposition to the motion to dismiss.  (Doc. No.
4  25.)  On October 12, 2010, Defendant filed its reply.  (Doc. No. 26.)

5  The Court takes judicial notice of the documents that Defendant submitted to the extent
6  those documents are properly subject to judicial notice.  For the reasons set forth below, the
7  Court denies Defendant's motion to dismiss Plaintiff's FAC.

## BACKGROUND

9  Plaintiff alleges that on November 25, 2009, he was vacationing on a cruise in The
10 Bahamas when his ship stopped at Nassau.  (FAC ¶ 12.)  Plaintiff alleges that he exited the
11 cruise ship and proceeded to a bank of payphones located at the cruise-ship terminal.  (Id.)
12 Plaintiff alleges that he saw a yellow and black sticker on each of the payphones stating
13 "U.S./International Calls from $.69 per minute" and that the payphones did not display any
14 other disclosures regarding rates, fees, or charges.  (Id.)  Plaintiff alleges that he relied on this
15 per-minute rate and the fact that no other fees were disclosed and attempted to call his family
16 in the United States.  (Id. ¶ 14.)  Plaintiff alleges that he swiped his debit card at the payphone
17 and was connected to one of Defendant's operators.  (Id.)  Plaintiff alleges that the operator
18 made no disclosures regarding ancillary charges or the exact per-minute-rate.  (Id.)  Plaintiff
19 alleges that he used Defendant's service to place two calls that each lasted approximately one
20 minute and one call that lasted approximately two minutes.  (Id. ¶ 15.)  Plaintiff alleges that
21 Defendant charged his debit card $1.95 for each of the three calls and $41.89 for the first call,
22 $41.91 for the second call, and $41.94 for the third call.  (Id. ¶ 16.)

## DISCUSSION

24 **I.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**
25 **A.    Legal Standard**

26 A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
27 the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729,
28 732 (9th Cir. 2001).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a

1  short and plain statement of the claim showing that the pleader is entitled to relief." The
2  function of this pleading requirement is to "give the defendant fair notice of what the . . . claim
3  is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555
4  (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
5  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement
6  to relief' requires more than labels and conclusions, and a formulaic recitation of the elements
7  of a cause of action will not do." <u>Id.</u>  A complaint does not "suffice if it tenders naked
8  assertions devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949
9  (2009). "Factual allegations must be enough to raise a right to relief above the speculative
10 level." <u>Twombly</u>, 550 U.S. at 555. "All allegations of material fact are taken as true and
11 construed in the light most favorable to plaintiff. However, conclusory allegations of law and
12 unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a
13 claim." <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996); <u>see</u> <u>also</u> <u>Twombly</u>,
14 550 U.S. at 555.

15 **B.      Choice of Law**

16         Defendant BBG argues that the law of the state of California should not govern the
17 alleged wrongful conduct and instead, the law of the Bahamas should apply. (Doc. No. 24 at
18 1.)  A federal district court sitting in diversity applies the law of the state in which it sits.
19 <u>Klaxon Co. v. Stentor Electric Mfg. Co.</u>, 313 U.S. 487, 496 (1941). In California, courts apply
20 the governmental interest analysis to determine what law should govern the case. <u>Washington</u>
21 <u>Mutual Bank, FA v. Superior Court</u>, 24 Cal. 4th 906 (2001). Under this test, the party who
22 invokes the law of a foreign state has the burden to show the foreign state law is the
23 appropriate law for the court to apply. <u>Id.</u> at 919.  First, "the foreign law proponent must
24 identify the applicable rule of law in each potentially concerned state and must show it
25 materially differs from the law of California." <u>Id.</u>  Second, if the court finds the laws to be
26 materially different, it must then determine what interest each state has in having its own law
27 applied to the case. <u>Id.</u> Third, if the court determines that each state has an interest in having
28 its own law applied, the court must finally select the law of the state "whose interests would

1  be 'more impaired' if its laws were not applied." <u>Id.</u> In making this comparative analysis, the
2  court must determine the "the relative commitment of the respective states to the laws involved
3  and consider the history and current status of the states' laws and the function and purpose of
4  those laws." <u>Id.</u> (internal quotation marks omitted).

5  First, Defendant argues that Bahamian law regarding what disclosures must be made
6  to the public is materially different from California law. Plaintiff alleges that rate and ancillary
7  charge disclosures are required under the UCL. (FAC ¶ 32.) Defendant argues that under the
8  Bahamas Telecommunications Act of 2009, Section 40(h), the Bahamian Utilities Regulation
9  & Competition Authority ("UCRA") may only require telecommunications companies to
10 disclose their rates when the company has market power. Because Plaintiff does not allege that
11 Defendant has market power, Defendant argues that there is no duty to disclose under
12 Bahamian law. Thus, the Court concludes that Defendant has made a showing of material
13 difference between California and Bahamian law.

14 For the second step of the analysis, Defendant argues that the Bahamas has an interest
15 in applying its laws. First, it has an interest in governing conduct that occurs on its soil.
16 Second, it has an interest in protecting foreign companies from liability for conduct on its soil
17 so that it can attract foreign businesses to the Bahamas. The Court concludes that Defendant
18 has made a showing the Bahamas have a valid interest in applying its laws.

19 Reaching the final step in the test, the Court must then select the law of the state whose
20 interests would be more impaired if its laws were not applied. Defendant argues that the
21 Bahamas has the stronger interest in applying its law because the phone call was initiated from
22 the Bahamas and the Bahamas has an interest in regulating commerce on its soil. On the other
23 hand, Plaintiff alleges that the wrongful conduct also arises out of Defendant's billing practices
24 and the conduct of its operators. (<u>See</u> FAC.) Plaintiff's FAC alleges that Defendant operates
25 its billing, operator, and telecommunications services from its business offices in San Diego,
26 California. (<u>Id.</u> ¶ 11.) BBG's principle place of business is in California. There are interests
27 at stake for both California and the Bahamas. Considering the allegations and arguments on
28 both sides, the Court concludes that Defendant has not shown that the Bahamas' interest in

1 applying its laws is more impaired than California's interest if its laws were not applied. See
2 Washington Mutual Bank, 24 Cal. 4th at 919.  Accordingly, the Court declines to apply
3 Bahamian law.

**C.     Preemption**

Defendant also argues that the state law claims in the FAC are preempted. (Doc. No. 24 at 7.)  Claims under the Federal Communications Act § 201(b) cannot be brought unless the plaintiff first obtains a ruling from the FCC that rate charges are unjust unreasonable. North County Comm. Corp. v. California Catalog Technology, 594 F.3d 1149, 1158-59 (9th Cir. 2001). A plaintiff cannot circumvent this requirement by pursuing a claim complaining about the same unfair rate charges under the UCL instead. See Blanks v. Shaw, 171 Cal.App.4th 336, 365 (Cal. App. 2d 2009). Here, Plaintiff does not bring a cause of action under § 201(b), but only brings a UCL claim. Plaintiffs alleges that Defendant failed to inform customers of the actual per minute rate of the call and any ancillary argues they are charged in connection with the call. (FAC ¶ 32.)  Defendant argues that this failure to disclose is a "practice" in connection with communication services which should be under the purview of the FCC. (Id.) However, even assuming rate disclosures was such a practice, the parties both point to the Joint FCC/FTC Policy Statement for the Advertising of Dial-Around and Other Long Distance Services to Consumers as evidence that the FCC has considered the reasonableness of the practices alleged in the FAC. See 65 Fed. Reg. 44053-02 (July 17, 2007). Defendant argues that the rule from the policy is that if the carrier makes a material representation to consumers, the carrier is responsible for the truthfulness of the representation. (Doc. No. 24 at 8.) Defendant further argues that the sticker on the pay phone advertising the rate cannot be attributed to BBG, so BBG has not made any material representations to potential customers. (Id. at 9.)  Plaintiff has alleged however that Defendant contracts with payphone providers to provide long distance via payphones and that the sticker was found on such a payphone. (FAC ¶¶ 9-10, 12.)  The Court concludes that Plaintiff has sufficiently alleged a practice which may be considered unreasonable under the policy. Accordingly, the Court declines to find the UCL claim preempted.

**D.     California Unfair Competition Law**

Plaintiff's first cause of action is for violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200.  (FAC ¶¶ 29-34.)  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  "An act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007).  Plaintiff alleges that Defendant's practice of charging undisclosed fees is unfair within the meaning of the UCL.[1] (FAC ¶¶ 31-32.)  The parties advance different standards for defining an unfair business practice.  (See Doc. Nos. 15-1 at 23-24, 17 at 15-16, 19 at 13.)  This difference exists because, in the context of cases involving consumers, California courts have not clearly articulated a single definition of an unfair business practice. See Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 735 (9th Cir. 2007).  In Lozano, the Ninth Circuit explained that California courts define an unfair business practice as either a practice that undermines a legislatively declared policy or threatens competition, or a practice that has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer. Id. at 736; see Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 186-87 (1999); South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 886 (1999).  Here, the Court concludes that application of the balancing test advanced in South Bay is most appropriate.  See 72 Cal. App. 4th at 886.  Accordingly, Defendant's practices may be considered unfair if the utility of its conduct is outweighed by the gravity of the harm that Plaintiff allegedly suffered. See id.  Considering this standard and the parties' arguments, the Court concludes that Plaintiff's allegations are sufficient to withstand a motion to dismiss. Plaintiff has plausibly alleged that the utility of Defendant's practice of failing to disclose fees

---

[1] To the extent Plaintiff also argues that Defendant's conduct was unfair because the imposed charges were excessive, the Court grants Defendant's motion to dismiss with respect to these allegations because, as discussed in the Court's June 18, 2010 order, Plaintiff may not circumvent the Federal Communications Act's requirements by pursuing a UCL claim.  (See Doc. No. 12 at 4-5.)

and charges is outweighed by the harm he has suffered. Moreover, "[w]hether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer." Linear Tech. Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 134-35 (2007); see Williams v. Gerber Prods. Co., 552 F.3d 934, 938-39 (9th Cir. 2008).[2] Considering Plaintiff's FAC and all of Defendant's arguments, the Court concludes that Plaintiff has adequately alleged a cause of action under the UCL. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's first cause of action.

### E. Breach of Implied Contract

Plaintiff's second cause of action is for breach of implied contract. (FAC ¶¶ 35-38.) Plaintiff alleges that, through the parties' conduct, an implied contract existed. (Id. ¶ 36.) Plaintiff alleges that Defendant charged and unjustifiably retained excessive sums of money from Plaintiff by charging Plaintiff undisclosed fees and charges, and that Defendant was unjustly enriched at Plaintiff's expense. (Id. ¶¶ 37-38.) While the Court concludes that Plaintiff's allegations are insufficient to show the existence of an implied in fact contract, Plaintiff has adequately alleged the existence of a contract implied in law, or quasi-contract.

> "Quasi-contract" is simply another way of describing the basis for the equitable remedy of restitution when an unjust enrichment has occurred. Often called quantum meruit, it applies where one obtains a benefit which he may not justly retain. The quasi-contract, or contract "implied in law," is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his former position by return of the thing or its equivalent in money.

McBride v. Boughton, 123 Cal. App. 4th 379, 388 n.6 (2004) (quotation marks and citation

---

[2] Defendant also argues that Plaintiff's UCL claim must be dismissed because Plaintiff has not adequately alleged that Defendant had a duty to disclose the amount of its fees and because Plaintiff has not adequately alleged that he justifiably relied on Defendant's representations. (Doc. No. 15-1 at 19-23, 25-26.) Considering Plaintiff's FAC and applicable law, the Court concludes that Plaintiff's allegations are sufficient to withstand a motion to dismiss on these grounds.

omitted). Defendant contends that Plaintiff's claim for breach of an implied in law contract fails because it rises and falls with Plaintiff's UCL claim, and Plaintiff's FAC fails to state a claim for violation of the UCL. (Doc. No. 15-1 at 27-28.) The Court, however, has concluded that Plaintiff's FAC adequately alleges a UCL violation. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's second cause of action.

**F.     Conversion**

Plaintiff's third cause of action is for conversion. (FAC ¶¶ 39-42.) Plaintiff alleges that he owned property in the form of a specific and identifiable sum of money and that Defendant converted money from his bank account by imposing undisclosed fees and charges. (Id. ¶¶ 40-41.) Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." Greka Integrated, Inc. v. Lowrey, 133 Cal. App. 4th 1572, 1581 (2005) (quotation marks and citation omitted). "Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1491 (2006). Considering Plaintiff's allegations, the Court concludes that Plaintiff has adequately pleaded a cause of action for conversion of a specific, identifiable sum through the imposition of undisclosed fees and charges. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's third cause of action.

///
///
///
///
///
///
///

## **CONCLUSION**

For the reasons set forth above, the Court denies Defendant's motion to dismiss Plaintiff's FAC. The Court orders that Defendant should file an answer to Plaintiff's FAC within the time prescribed by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: November 17, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT