1  FRED R. PUGLISI, Cal. Bar No. 121822
   VALERIE E. ALTER, Cal. Bar No. 239905
2  ELIZABETH S. BERMAN, Cal. Bar No. 252377
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3    A Limited Liability Partnership
     Including Professional Corporations
4  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6017
5  Telephone: 310-228-3700
   Facsimile: 310-228-3701
6  fpuglisi@sheppardmullin.com
   valter@sheppardmullin.com
7  eberman@sheppardmullin.com

8  Attorneys for Defendant,
   BBG Communications, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRANDON EVANS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BBG COMMUNICATIONS, INC., a Delaware CORPORATION, and DOES 1 - 10,<br><br>Defendant. | Case No. 10-CV-0542-H-NLS<br><br>**DECLARATION OF**<br><br>**JORGE MACARI**<br><br>**IN SUPPORT OF DEFENDANT BBG COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: February 28, 2011<br>Time: 10:30 am<br>Courtroom: 13<br><br>[*Notice of Motion and Motion for Summary Judgment, Memorandum of Points & Authorities, Separate Statement of Undisputed Material Facts In Support of Summary Judgment and Declarations of Susan Freeman and Rafael Galicot in Support of Summary Judgment, filed concurrently herewith.*]<br><br>Complaint filed: March 12, 2010<br>Trial Date: None Set |
|---|---|

10-CV-0542-H-NLS

## DECLARATION OF JORGE MACARI

I, JORGE MACARI, declare as follows:

i) I oversee the operations of Bahamas Communications Services LTD ("**BCS**"). I make this declaration based on my personal knowledge, my review of the records available to me as they are kept in the ordinary course of BCS's business, information obtained from other employees upon whom I regularly rely in the ordinary course of BCS's business, or my general knowledge of the business practices of BCS, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

ii) This declaration is submitted in support of BBG Communications, Inc.'s Motion for Summary Judgment.

iii) BCS is a Bahamian corporation that operates exclusively in The Bahamas. BCS primarily provides communications consulting, marketing and other services with respect to the promotion of operator assisted calling services. BCS does not have any offices or operations in California.

iv) Attached here as **EXHIBIT 1**, and incorporated herein by this reference, is a true and correct copy of the Sales Location Agreement ("**Location Agreement**") between the Nassau Port Department ("**Port Department**"), an agency of The Bahamian government, and BCS executed in The Bahamas on October 21, 2008. The Location Agreement has been in effect from that date through the present.

v) Attached here as **EXHIBIT 2**, and incorporated herein by this reference, is a true and correct copy of the Port Department's government website.

1    vi)     As stated in the Recitals to the Location Agreement, the Port Department
entered into the Location Agreement with BCS to provide operator assisted calling
services to callers using payphones located at the port in Nassau, The Bahamas. This is
again repeated in Section 2.1 of the Location Agreement, which states that "BCS shall
provide telephone long distance automated or live operator services," and Section 2.2 of
the Location Agreement, which authorizes BCS to provide foreign calls [long distance
calls] "utilizing for such purposes the services of a live or an automatic operator."

    vii)    Under Section 2.2 of the Location Agreement, BCS "shall coordinate the
installation of the required equipment (if any) at the Sales Location(s) [the port] and
reprogramming to enable End Users [callers] to make Calls outside the country." BCS is
also required to "use the services of a licensed carrier to transport a Call from the Sales
Location [the port] to the Call Platform." The Call Platform is the "operator facilities,
switches, and telecommunications system used by BBG Global A.G. to route, complete
and process Calls," which for calls originating in The Bahamas is the telecommunications
systems operated by Network Operator Services, Inc.

    viii)   Under Section 2.3 of the Location Agreement, BCS is permitted to "place its
calling instructions and advertise the Services [long distance automated or live operator
calling services] at the Sales Location(s) [the port], "including but not limited to,
installation of stickers and/or decals on Telephone handsets," subject only to the Port
Department's "reasonable approval of the exact placement of such stickers, decals" and
other advertising materials.

    ix)     Nothing in the Location Agreement permits BCS to operate prepaid calling
card services or authorizes BCS to control the advertising for such prepaid calling card
services in the Sales Location(s) [the port].

1  x) Attached hereto as **EXHIBIT 3**, and incorporated herein by this reference, is a true and correct copy of the Consulting and Management Agreement ("**Consulting Agreement**") between BCS and BBG Global A.G. ("**BBG Global**") dated July 17, 2008. The Consulting Agreement has been in effect since that date through the present.

xi) BCS entered into the Consulting Agreement with BBG Global to enable BCS to provide long distance telecommunications services in The Bahamas, in accordance with BCS's obligations to the Port Department under the Location Agreement referenced above.

xii) Pursuant to the Consulting Agreement, BBG Global assists BCS with sales and marketing strategies, developing pricing terms and conditions, and sales agreements, all which are subject to BCS's board of directors approval. [Consulting Agreement §§ 1.2, 1.3, 1.4.]

xiii) BBG Global is also responsible for arranging and providing for an operator call center and the necessary infrastructure to provide operator assisted international long distance calling services to end users making calls from The Bahamas, terminating the calls at their destinations, billing and collecting for such calls, providing customer service to end users of such services, and paying any applicable commissions. Further, BBG Global has the "sole and absolute discretion" to determine the routing and transport method of all calls, the modes of payment to be accepted for these services, and the rates to be charged for such services, subject only to BCS's approval of the sales and marketing strategies, pricing terms and conditions, and sales agreements discussed above. [Consulting Agreement § 2.1(a)(a).]

xiv) BBG Global is entitled to retain all the revenues from operator assisted long distance calls processed through its call centers [Consulting Agreement § 2.1(e)], subject

1  to its commission accounting obligations and other financial arrangements as noted in
2  Sections 2.1(a)(a) and 2.1(f).

4      xv) In sum, under the Location Agreement and the Consulting Agreement, the
5  Bahamian government (through the Port Department), BBG Global and BCS together are
6  exclusively responsible for the marketing and advertising related to operator assisted
7  international long distance calling services that originate in the port in Nassau, The
8  Bahamas, and BCS and BBG Global are responsible for the transport, processing and
9  assessment of charges for all such calls.

11      I declare under penalty of perjury under the laws of the United States of America
12  that the foregoing is true and correct.

14      Executed December 21, 2010 at Cancun, Mexico.

                                                JORGE MACARI