FRED R. PUGLISI, Cal. Bar No. 121822
NORMA V. GARCIA, Cal. Bar No. 223512
VALERIE E. ALTER, Cal. Bar No. 239905
ELIZABETH S. BERMAN, Cal. Bar No. 252377
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:    310-228-3700
Facsimile:     310-228-3701
fpuglisi@sheppardmullin.com
ngarciaguillen@sheppardmullin.com
valter@sheppardmullin.com
eberman@sheppardmullin.com

Attorneys for Defendant,
BBG Communications, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EVANS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BBG COMMUNICATIONS, INC., a Delaware CORPORATION, and DOES 1 - 10,<br><br>        Defendant. | Case No. 10-CV-0542-H-NLS<br><br>**DEFENDANT BBG COMMUNICATIONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>ORAL ARGUMENT VACATED PURSUANT TO LR 7.1(d)(1) [DOC. # 35]<br><br>Courtroom:  13<br>Assigned to: Hon. Marilyn Huff<br><br>Complaint filed: November 12, 2010<br>Trial Date:  None Set |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. FACTS ..................................................................................................................... 2

    A. The Sajfr Action. .......................................................................................... 2

        1. The Allegations In The Sajfr Action. ............................................... 2

            a. Sajfr's Phone Call While In Germany. ................................ 2

            b. Keeports' Alleged Phone Calls While Allegedly In Germany. ............................................................................. 3

        2. The Claims Asserted In The Sajfr Action. ........................................ 3

        3. The Procedural Posture Of The Sajfr Action. ................................... 4

    B. The Evans Action. ....................................................................................... 4

        1. The First Amended Complaint In The Evans Action. ...................... 4

        2. The Claims Asserted In The Evans Action. ..................................... 5

        3. Procedural Posture Of The Evans Action. ....................................... 5

III. THE MOTION TO CONSOLIDATE SHOULD BE DENIED .............................. 6

    A. Standard For Analyzing A Motion To Consolidate. .................................... 6

    B. The Sajfr And Evans Matters Are Not Based On Common Issues Of Fact Or Laws. .............................................................................................. 7

    C. Trying The Sajfr And Evans Matters Together Would Result In Jury Confusion. .................................................................................................. 10

    D. The Sajfr And Evans Matters Are In Different Procedural Postures. ........ 11

IV. CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Antoninetti v. Chipotle Mexican Grill, Inc.*
  No. 05-1660, 2007 U.S. Dist. LEXIS 66296 (S.D. Cal. Sept. 7, 2007)............... 6, 7, 12

*Coughlin v. Rogers*
  130 F.3d 1348 (9th Cir. 1997)....................................................................................9

*Glass v. Intel Corp.*
  No. 06-671, 2007 U.S. Dist. LEXIS 57666 (D. Ariz. Aug. 3, 2007).......................... 12

*Harry & David v. ICG America, Inc.*
  No. 08-3106, 2010 U.S. Dist. LEXIS 92961 (D. Or. Sept. 7, 2010) ....................... 7, 11

*Investors Research Co. v. United States Dist. Court for Cent. Dis. of Cal.*
  877 F.2d 777 (9th Cir. 1989)...................................................................................... 6

*Kyne v. The Ritz-Carlton Hotel Company L.L.C.*
  No. 08-00530, 2009 U.S. Dist. LEXIS 22332 (D. Hi. March 19, 2009) ................. 9, 12

*Oregon Natural Desert Association v. Shuford*
  No. 06-242, 2006 U.S. Dist. LEXIS 64452 (D. Or. Sept. 8, 2006) .............................. 9

*Rancho Agricola Santa Monica v. Westar Seeds Int'l, Inc.*
  No. 08-1998, 2009 U.S. Dist. LEXIS 89741 (S.D. Cal. 2009)............................... 7, 11

*Servants of the Paraclete, Inc. v. Great American Ins. Co.*
  866 F. Supp. 1560 (D. N.M. 1994) ............................................................................ 7

*Southwest Marine, Inc., A California Corporation v. Triple A Machine Shop, Inc.*
  720 F. Supp. 805 (N.D. Cal. 1989) ............................................................................ 6


Federal: Statutes, Rules, Regulations, Constitutional Provisions

FED. R. CIV. P. 20 ............................................................................................................. 9

FED. R. CIV. P. 42(a) ........................................................................................................ 6

FED. R. CIV. P. 42(b) ........................................................................................................ 6

State: Statutes, Rules, Regulations, Constitutional Provisions

Business and Professions Code § 17200, *et seq.* .................................................................. 3

Penal Code § 632 ................................................................................................. 3, 4, 5

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Brandon Evans ("**Evans**") has no basis upon which to bring a Motion to Consolidate his action with the action of Plaintiffs Vlastimil Sajfr ("**Sajfr**") and David Keeports ("**Keeports**") against Defendant BBG Communications, Inc. ("**BBG Communications**"). This is evident from the virtually non-existent legal analysis and conclusory factual comparisons of the two cases set forth in his opening brief. Vague similarities between two cases does not provide grounds for consolidation under the FEDERAL RULES OF CIVIL PROCEDURE.

When one actually compares the two cases, it becomes clear that Plaintiff's Motion should be denied for three independent reasons. *First*, the two actions are not based on commons facts or laws. The *Evans* action arises from disclosures made to him while he was in The Bahamas, involves witnesses and companies that are located in Switzerland, Mexico, Texas, and The Bahamas, and requires an analysis of Bahamian law. The *Sajfr* action, by contrast, arises from disclosures made to the two plaintiffs while they were in Germany, involves other witnesses located in Germany and Mexico, and requires an analysis of German law. The two cases also allege different causes of action. Moreover, the *Sajfr* action alleges an additional cause of action, completely absent from the *Evans* action, that has nothing to do with the charges or disclosures related to the plaintiffs' long-distance calls (*i.e.*, the generalized "similarity" between the cases according to Plaintiff).

*Second*, consolidation of these cases would lead to juror confusion. Not only could jurors possibly be instructed to apply the laws of different countries as the factual records of these cases develop, but they also will certainly need to understand the different ways in which rate information is provided to callers in the various countries the Plaintiff's calls originated. That process differs from country to country, and is not the same in The Bahamas as it is in Germany. This confusion would exponentially be compounded by

Plaintiff's overly broad class definition, which will call for evidence of the fee disclosure practices in every country in which BBG operates around the world.

*Third*, and finally, consolidation will undoubtedly cause delay. BBG Communications has dispositive motions pending in both actions: a motion to dismiss in *Sajfr* and a motion for summary judgment in *Evans*. As is evident from these motions, these cases have only one thing in common: they have named the wrong defendant and they should both be dismissed. Under these circumstances, consolidation is not appropriate and would not achieve judicial efficiency. Accordingly, the actions should not be consolidated and Plaintiff's Motion should be denied.

## II.

## FACTS

**A.     The *Sajfr* Action.**

    **1.     The Allegations In The *Sajfr* Action.**

        **a.     Sajfr's Phone Call While In Germany.**

Sajfr alleges that he used a BBG Communications payphone while in Frankfurt, Germany to make a call that terminated in Europe. [Sajfr Complaint, ¶ 10(a).] Sajfr admits that there was a disclosure on the phone advising callers how to obtain rate information (Sajfr Complaint ¶ 2: 13:16), but he does not allege that he sought such rate information pursuant to the disclosure. As a result of his decision not to obtain rate information, Sajfr allegedly did not know the amount of the charge until he received his credit card statement, reflecting a $54.33 charge for his telephone call. [*Id.* ¶ 10(a).]

Sajfr directs the focus away from these admissions and alleges that there were no disclosures about rates or fees on the payphone itself, and that the automated message prompting him to use a credit card did not "disclose the fees for making a credit card call [and] as a result he did not know the amount of the charge until he received his credit card statement with this charge." [*Id.* ¶ 10(a).]

Sajfr further alleges that when he called BBG Communications to complain of the $54.33 charge, "they automatically routed him to a BBG representative, who disclosed for

1  the first time there was a five minute minimum connection fee, which is why he was
2  charged over $50.00 for a one minute phone call." [Sajfr Complaint, ¶ 10(a).] Sajfr also
3  alleges that BBG Communications failed to advise him that the telephone call to BBG
4  Communications' customer service line would be recorded. [*Id.*] Plaintiff admits,
5  however, that the customer services representatives who handled his call are located in
6  Tijuana, Mexico, and that the calls are therefore being recorded in a different country.
7  [Sajfr Complaint, ¶ 5.]

### b. **Keeports' Alleged Phone Calls While Allegedly In Germany.**

Keeports alleges he used a BBG Communications payphone to make two phone calls totaling seven (7) minutes while he was in Frankfurt, Germany. [Sajfr Complaint, ¶ 10(b).] Keeports claims that he was charged $150 for the two telephone calls. [*Id.*]

Keeports also alleges that when he and his wife called BBG Communications to complain of the $150 charge, their call was recorded without notice or consent. [Sajfr Complaint, ¶ 10(b).] Keeports also admits that the calls were recorded from call centers located in Tijuana, Mexico. [*Id.* ¶ 5.]

### 2. **The Claims Asserted In The *Sajfr* Action.**

Based on these general allegations, Plaintiffs assert the following causes of action against BBG Communications: (i) violation of *California's* Unfair Competition Law (the "**UCL**"), Business and Professions Code section 17200, *et seq.*; (ii) breach of contract; (iii) violation of *California's* Consumers Legal Remedies Act; (iv) declaratory relief; (v) common counts for money had and received, money paid, restitution/unjust enrichment; and (vi) violation of *California's* Penal Code section 632. As set forth in BBG Communications' Motion to Dismiss (*Sajfr* Doc. # 10), BBG Communications does not provide the services that allegedly give rise to Plaintiffs' claims. Rather, they are provided by foreign corporations that have no ties to California. Moreover, Keeports did not make any call from Germany. Rather, his wife placed the alleged call.

### 3. The Procedural Posture Of The *Sajfr* Action.

BBG Communications' Motion to Dismiss the *Sajfr* action is being briefed simultaneously with Plaintiff's Motion for Consolidation. [*Sajfr* Doc. # 10.] BBG Communications argues that the *Sajfr* Action should be dismissed for the following reasons: (1) Keeports lacks standing because it was his wife, not him, that made the calls that form the basis of his claims, (2) German and Mexican laws, not California law, apply to the conduct alleged in the *Sajfr* Complaint based on principles of extraterritoriality, international comity and due process, (3) BBG Communications is the wrong defendant, (4) the Complaint fails to state facts sufficient to constitute a cause of action even if California law applied and even if Plaintiffs had sued the correct party, and (5) that the disclosures made at the payphone in Germany are the exact same disclosures mandated and made by Deutsche Telekom itself.

### B. The *Evans* Action.

### 1. The First Amended Complaint In The *Evans* Action.

Evans, a North Carolina resident, took a cruise to The Bahamas in November 2009. [Evans FAC ¶ 12.] During an excursion to Nassau in The Bahamas, Evans decided to call his home in Shallotte, North Carolina from a payphone. [*Id.* ¶¶ 6, 12.] There was a sticker on the payphone from which Evans made the phone call stating "US/International Calls *from* $.69 per minute." [*Id.* ¶ 12 (emphasis added).] Evans does not—and cannot in good faith—allege that BBG Communications placed the sticker on the payphone or otherwise sponsored it, or that the sticker related to the cost of making a credit or debit card call.[1] Instead, he summarily alleges with no factual support that "BBG is aware that payphone owners provide partial and inaccurate rate and fee information to entice consumers to use the service and knows that this information is incomplete and/or inaccurate." [*Id.* at ¶ 13.]

---

[1] Again, Plaintiff does not make such allegations because as he is aware from the face of the sticker itself that the sticker related to prepaid calling cards. And, for purposes of the instant Motion, it should be noted that there is no allegation about a "$0.69 sticker" in the *Sajfr* matter.

1     Evans, in alleged reliance on a sticker placed on the payphone by some unidentified
2 third party, placed three calls to his family in the United States. [Evans FAC ¶¶ 14-15.]
3 The first two calls lasted approximately one minute and the third lasted approximately two
4 minutes. [*Id.* ¶ 15.] Evans claims that BBG Communications charged his debit card in the
5 amounts of $1.95 and $41.89 for the first call, $1.95 and $41.91 for the second call, and
6 $1.95 and $41.94 for the third call. [*Id.* ¶ 16.] Evans claims that he was "shocked" by
7 these charges because he was never "informed of the actual per-minute rates" or "informed
8 that he would be charged additional fees in connection with the call." [*Id.* ¶ 17.] Notably,
9 however, Evans does not allege that he ever asked the operator assisting him with his calls
10 to provide this information at any point. [*See id.* ¶ 14.]

11     **2.**     <u>**The Claims Asserted In The *Evans* Action.**</u>

12     Evans asserts three claims based exclusively on California law. First, Evans claims
13 that BBG Communications violated the unfair prong of the UCL because it charges
14 "excessive, undisclosed, and unfair fees in connection with long-distance phone calls made
15 through payphones serviced by Defendant." [FAC ¶ 32.] Second, Evans asserts a claim
16 for "breach of implied contract" on the grounds that "Defendant charged and unjustifiably
17 retained excessive sums of money from Evans through charging Evans undisclosed fees
18 and charges in connection with their payphone services." [*Id.* ¶ 37.] Finally, Evans claims
19 that BBG Communications committed the tort of conversion by "by imposing undisclosed
20 fees and charges." [*Id.* ¶ 41.]

21     **3.**     <u>**Procedural Posture Of The *Evans* Action.**</u>

22     In its Motion to Dismiss the FAC, BBG Communications challenged Evans' right to
23 bring an action against BBG Communications under California law. [*Evans* Doc. # 15.]
24 Based on the allegations of the FAC, the Court concluded that California law applied and
25 Evans could proceed. [*Evans* Doc. # 27 (Nov. 17, 2010 Order).] The allegations of the
26 FAC, however, are a fabrication. Thus, BBG Communications filed an early Motion for
27 Summary Judgment, which is also being briefed simultaneously with Plaintiff's Motion for
28 Consolidation and BBG Communications' Motion to Dismiss in the *Sajfr* action. [*Evans*

1  Doc. # 31.]  The motion is brought on the following grounds: (1) BBG Communications is
2  the wrong defendant, and (2) Bahamian law, not California law, applies to the conduct
3  alleged in the FAC based on principles of due process, international comity,
4  extraterritoriality, and under the safe-harbor doctrine of the UCL.

## III.
## THE MOTION TO CONSOLIDATE SHOULD BE DENIED

**A.    Standard For Analyzing A Motion To Consolidate.**

The FEDERAL RULES OF CIVIL PROCEDURE provide:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

A district court generally has broad discretion in determining whether or not to consolidate cases. *Investors Research Co. v. United States Dist. Court for Cent. Dis. of Cal.*, 877 F.2d 777 (9th Cir. 1989). "The presence of a common question of law or fact," however, "is a threshold requirement" that must be met before cases are consolidated. *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-1660, 2007 U.S. Dist. LEXIS 66296 at *5 (S.D. Cal. Sept. 7, 2007). That said, consolidation is not automatic, even where some common issues of law and fact may exist:  "even if a common question of law or fact exists, consolidation is inappropriate if it results in inefficiency, inconvenience, or unfair prejudice to a party." *Id.* (internal quotations and citations omitted).  A court must thus "weigh[] the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc., A California Corporation v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).  *See also* FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the

1  court may order a separate trial of one or more separate issues, claims, crossclaims,
2  counterclaims, or thirdparty claims." ).
3        Ultimately, "[w]hether consolidation is permissible or desirable depends largely on
4  the amount of common evidence among the cases. Unless common evidence
5  predominates, consolidated trials may confuse the jury rather than promote efficiency."
6  *Harry & David v. ICG America, Inc.*, No. 08-3106, 2010 U.S. Dist. LEXIS 92961 at *4
7  (D. Or. Sept. 7, 2010) (quoting *The Manual for Complex Litigation* (4th ed. 2004)
8  § 11.631).  *See also Rancho Agricola Santa Monica v. Westar Seeds Int'l, Inc.*, No. 08-
9  1998, 2009 U.S. Dist. LEXIS 89741 at *4 (S.D. Cal. 2009) ("While considerations of
10 judicial economy and convenience play an important role in deciding whether to
11 consolidate two actions for trial, the paramount concern is whether the parties are afforded
12 a fair and impartial trial.").  Consolidation is inappropriate where cases are factually and
13 legally distinct, and/or in different procedural stages.  "Federal courts have declined to
14 consolidate cases involving common questions of law or fact where the cases were at
15 different stages of preparedness for trial and where consolidation would delay the case
16 ready of disposition." *Antoninetti*, 2007 U.S. Dist. LEXIS 66296 at *5.
17       Evans, the party seeking consolidation here, bears the burden of proving that
18 consolidation is warranted.  *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866
19 F. Supp. 1560, 1572 (D. N.M. 1994) ("The party moving for consolidation bears the
20 burden of proving that consolidation is desirable.").  Evans have not met that burden
21 because: (1) the *Saifr* and *Evans* matters are not based on common issues of fact or
22 common issues of law, (2) trying the *Saifr* and *Evans* matters together would result in jury
23 confusion, and (3) the *Sajfr* and *Evans* matters are in different procedural postures and
24 therefore consolidation would delay their disposition.
25 **B.**    **The *Sajfr* And *Evans* Matters Are Not Based On Common Issues Of Fact Or**
26       **Laws.**
27       Plaintiffs assert in general terms that "[i]t would be much more efficient to assert all
28 such claims against one consolidated pleading rather than piecemeal" because both the

1  *Sajfr* and *Evans* actions "involve the question whether BBG has allegedly improperly
2  charged consumers for domestic and international calls made from pay phones where BBG
3  is the operator and the consumer uses a credit card to make the call."[2] [Motion at 3:10-13;
4  4:12-13.] Plaintiff, however, ignores the specific facts that underlie each action and the
5  legal claims alleged in each action, choosing instead to present a 30,000 foot view of the
6  matters, in the hopes that this Court will ignore the myriad factual and legal differences
7  between the two actions.

8  More specifically, the parties involved in making long-distance credit or debit card
9  calling services available to consumers in The Bahamas and in Germany are different, the
10 multiple contracts among those parties are different, the way in which service is provided
11 (e.g., automated versus operator assisted) are different, the laws of those jurisdictions are
12 different (and they conflict with California law), and the processes by which the caller may
13 obtain rate information are different, and are in one case is dictated by another entity –
14 which is partially owned by the German government – that is doing the exact same thing as
15 what BBG does and compliance with those requirements are a condition of providing these
16 services in Germany. California law cannot compel a foreign corporation to conduct
17 business abroad differently than the host country requires. Thus, for each case, the Court
18 ***must*** conduct an analysis of these issues based on completely different laws, a completely
19 different set of facts and on each plaintiff's completely different experiences. Further, the
20 *Sajfr* matter alleges an additional cause of action based on the recording of customer
21 service phone calls (Motion at 3:13-15), which has nothing to do with call charges and
22 disclosures, and which is both legally and factually wholly absent from the *Evans* matter.[3]

---

[2] Plaintiff actually mischaracterizes the nature of these cases. They are about BBG Communications' alleged disclosure practices – not whether its charges are proper. The door has been firmly shut on Plaintiff's ability to challenge the charges themselves. [*See Evans* Doc. # 27, Nov. 17, 2010 Order at 6, fn. 1.]

[3] It would be unduly prejudicial to BBG Communications if the allegations regarding illegal recording of the customer service calls in the *Sajfr* matter were presented to the trier of fact in any determination of whether its alleged conduct in The Bahamas was wrongful. There is no allegation in the *Evans* matter of such conduct and it should not be mixed in where it does not belong.

-8-
10-CV-0542-H-NLS   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

1      The fact that both *Sajfr* and *Evans* generally involve international phone calls and
2 both allege claims for violation of the UCL cannot overcome the fact that the remaining
3 *seven* legal theories raised in *Sajfr* and *Evans* are different, as are the factual underpinnings
4 of each case. As the Ninth Circuit explained in discussing joinder pursuant to
5 FED. R. CIV. P. 20,

> [A]lthough Plaintiffs' claims are all brought under the Constitution and the Administrative Procedure Act, the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact. Clearly, each Plaintiff's claim is discrete, and involves different legal issues, standards, and procedures. Indeed, even if Plaintiffs' claims were not severed, the Court would still have to give each claim individualized attention. Therefore, the claims do not involve common questions of law or fact.

*Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997). *See also Oregon Natural Desert Association v. Shuford*, No. 06-242, 2006 U.S. Dist. LEXIS 64452 at *35-36 (D. Or. Sept. 8, 2006) (refusing to consolidate despite plaintiff's claims that both cases alleged violations of federal environmental laws because "there is little common evidence between the two cases. The cases refer to completely different RMPs, different areas of land, and the areas are located in different BLM districts. Further, the administrative record in each of the cases is distinct because many of the determinations, such as the effects of grazing or off-highway vehicle use, are highly site-specific.");.*Kyne v. The Ritz-Carlton Hotel Company L.L.C.*, No. 08-00530, 2009 U.S. Dist. LEXIS 22332 at *5-6 (D. Hi. March 19, 2009) (denying a request for consolidation where "Beyond the basic fact pattern, there are several factual differences between the cases which may also render the legal issues in each case distinguishable. . . . Further, in light of the fact that discovery has not begun in any of these cases, additional differences between the cases may come to light."). Thus, the Court must look to the specific factual and legal issues in each case.

     Plaintiff points to the fact that BBG Communications filed two dispositive motions in each case on the same day, and argue that is causing duplicative litigation. [*See* Motion at 3:15-20.] Plaintiff is wrong. Even a cursory review of the two motions and the declarations in support of them establishes that they do not make the same legal

1 arguments, nor are they based on the same facts or evidence, nor are they likely to share
2 key witnesses.  *Evans* deals with Bahamian law, the Bahamian governmental port agency,
3 a Bahamian company, a Texas company, and several different contracts among the entities
4 involved in providing operator assisted calling services in the Nassau port in The Bahamas.
5 *Sajfr* deals with German and Mexican law, the partially German-owned company Deutsche
6 Telekom, the disclosure requirements imposed by Deutsche Telekom, and several
7 contracts – again, different from those in the *Evans* matter – among the entities involved in
8 providing automated and operator assisted calling services at the airport in Frankfurt,
9 Germany.
10       Thus, because *Sajfr* and *Evans* have little in common beyond generalizations,
11 common evidence cannot possibly predominate, and consolidation would not result in any
12 meaningful gains in efficiency.[4]

### C. Trying The *Sajfr* And *Evans* Matters Together Would Result In Jury Confusion.

15       In his Motion, Evans does not even address the possibility of jury confusion, and
16 with good reason.  As noted above, adjudication of the *Evans* matter will require an
17 examination of operator assisted phone calls made in The Bahamas, as well as Bahamian
18 telecommunications law.  The *Sajfr* matter, by contrast, will require an examination of
19 automated phone calls made in Germany, German telecommunications law, and the role of
20 Deutsche Telekom, the German partially government-owned telecommunications company
21 that dictated the call flow and disclosures provided by the automated system.  In neither of
22 these locations was rate information hidden from the Plaintiffs.  If they had wanted to
23 obtain rate information before their calls were connected and their cards were charged,
24 they could have easily done so.  The means for obtaining that information differed,

---

[4] The fact that BBG Communications filed a Notice of Related Case on December 22, 2010 does not change this conclusion.  [*See* Motion at 2:12-14.]  The fact that two cases may be related within the meaning of the local rules, does not mean they are appropriate for consolidation under Federal Rule of Civil Procedure 42(a).  [*See Sajfr* Doc. # 8.]

1  however, depending on the country in which the calls originated.  Evans could have
2  obtained rate information by asking the operator; Sajfr and Keeports could have obtained
3  rate information by pushing a button.  Further, Plaintiffs seek to represent a class of
4  persons that made a call *from almost anywhere in the world*.  [*Sajfr* Complaint ¶ 14;
5  *Evans* FAC ¶ 22.]  There is, however, no worldwide uniform means of providing rate
6  information to callers, and it is often the case, as it is in Germany, that the government or
7  some other entity dictates the disclosures that must be provided to consumers as a
8  condition of providing long distance calling services in foreign countries.  Evans cannot
9  seriously dispute that having to keep track of the different factual scenarios, different legal
10 requirements, and different disclosures made in almost every country in the world would
11 result in juror confusion.  Accordingly, "[t]he risk of increased complexity at trial and jury
12 confusion, and the prejudice to plaintiff in litigating the cases together outweigh any
13 economies and convenience which might be gained in discovery or in briefing dispositive
14 motions."  *Harry & David*, 2010 U.S. Dist. LEXIS 92961 at *7.  *See also Rancho Agricola*
15 *Santa Monica*, 2009 U.S. Dist. LEXIS 89741 at *6 ("Agricola also identifies that the
16 damages arising from the batches of onion seed sold to it and plaintiff Acosta are different
17 and could potentially confuse the jury. The potentially significant legal and factual
18 differences between the two actions caution against the premature consolidation of the two
19 actions.").

20 **D.     The *Sajfr* And *Evans* Matters Are In Different Procedural Postures.**

21        Evans also does not address the fact that the *Evans* matter and the *Sajfr* matter are in
22 different procedural postures.  BBG filed a dispositive motion for summary judgment in
23 the *Evans* matter, and has a motion to dismiss pending in the *Sajfr* matter.  Evans has
24 provided no justification for delaying these dispositive motions, although it appears that
25 may be what the Motion To Consolidate was intended to do.  [*See* Motion 2:19-21
26 (complaining that BBG did not accept plaintiffs' offer to defer "responsive pleading
27 obligations. . . pending resolution of this motion").]  The Court should not delay in
28 resolving BBG Communications' dispositive motions and should deny Evans' instant

1  Motion, as consolidation would merely result in undue delay and inefficiency.  *Kyne*, 2009
2  U.S. Dist. LEXIS 22332 at *6 ("it is not clear that consolidation would be more efficient
3  for the district court. Many of the seven cases have already taken different procedural
4  postures and each case is purportedly a class action. Class certification would be unduly
5  complicated if the cases are consolidated."); *Glass v. Intel Corp.*, No. 06-671, 2007 U.S.
6  Dist. LEXIS 57666 at *11-12 (D. Ariz. Aug. 3, 2007) ("Though commonality between the
7  cases may exist, the Court, nevertheless, finds it inappropriate to consolidate the two cases
8  because of the distinct postures the cases are in.").
9      Moreover, despite Evans' conclusory statement to the contrary, BBG
10 Communications does not risk inconsistent judgments absent consolidation.  [*See* Motion
11 3:2-6.]

> [T]his is not a situation in which numerous actions have been filed against [BBG] in multiple jurisdictions. Both cases were filed in this District and were assigned to this Court. Under principles of *stare decisis*, the Court will be obligated to follow its legal rulings in the first-filed case when it rules upon the second-filed case, thereby eliminating the danger of inconsistent judgments.

16 *Antoninetti*, 2007 U.S. Dist. LEXIS 66296 at *7-8.  Thus, the different procedural postures
17 in the *Sajfr* and *Evans* matter militate against consolidation.

## IV.

## CONCLUSION

20    For the reasons explained above, BBG Communications respectfully requests that
21 the Court deny Evans' Motion To Consolidate in its entirety.

22 Dated:  February 14, 2011        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                    By    _s/Fred R. Puglisi_
                              FRED R. PUGLISI
                           Attorneys for Defendant,
                          BBG Communications, Inc.