FRED R. PUGLISI, Cal. Bar No. 121822
VALERIE E. ALTER, Cal. Bar No. 239905
ELIZABETH S. BERMAN, Cal. Bar No. 252377
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: 310-228-3700
Facsimile: 310-228-3701
fpuglisi@sheppardmullin.com
valter@sheppardmullin.com
eberman@sheppardmullin.com

Attorneys for Defendant,
BBG Communications, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EVANS, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>BBG COMMUNICATIONS, INC., a Delaware CORPORATION, and DOES 1 - 10,<br><br>      Defendant. | Case No. 10-CV-0542-H-NLS<br><br>**DEFENDANT BBG COMMUNICATIONS, INC.'S EVIDENTIARY OBJECTIONS**<br><br>Hearing Date: February 28, 2011<br>Time: 10:30 a.m.<br>Courtroom: 13<br><br>Complaint filed: March 12, 2010<br>Trial Date: None Set |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at the hearing on Defendant BBG Communications, Inc.'s ("**BBG Communications**") Motion For Summary Judgment, which is scheduled for hearing on February 28, 2011, at 10:30 a.m. in Courtroom 13 of the above-entitled court, before the Honorable Marilyn L. Huff, BBG Communications will, and hereby does, object to portions of the Declaration of Alan M. Mansfield, the Declaration of Eric J. Benink, and exhibits thereto, which were submitted by Plaintiff Brandon Evans ("**Plaintiff**"), and requests that the Court strike and/or not consider those portions as stated below.

## Objections To The Declaration Of Alan M. Mansfield

BBG Communications objects to Mr. Mansfield's declaration on the grounds that it is irrelevant. FED. R. EVID. 402. Mr. Mansfield's declaration is directed exclusively at Plaintiff's unsupported contention that BBG Communications is the alter ego of BBG Global A.G. ("**BBG Global**"). More specifically, Mr. Mansfield's declaration recounts his visit to BBG Global in Baar, Switzerland on November 12, 2010. It describes BBG Global's offices in Baar, and recounts that Mr. Mansfield rang the doorbell to that office twice on a Friday afternoon but received no answer. Presumably, Mr. Mansfield intends this information to support Plaintiff's argument that BBG Communications in BBG Global's alter ego. However, as noted in BBG Communications' reply in support of its motion for summary judgment, Plaintiff's allegations of alter ego are irrelevant because Plaintiff has not properly pled an alter ego theory in his First Amended Complaint ("**FAC**"). *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 475 F.3d 963, 968-69 (9th Cir. 2006) (refusing to allow plaintiff to assert new specific factual allegations in support of claim when they were "presented for the first time in [plaintiff's] opposition to summary judgment").

Moreover, the facts that Plaintiff attempts to introduce through Mr. Mansfield are irrelevant to the alter ego inquiry, namely whether (1) there is such a unity of interest between the corporations that the separate personalities of the corporations no longer exist; and (2) an inequitable result would follow if the court declines to find alter ego liability. *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 837 (1962). Mr. Mansfield's description of BBG

1  Global's offices in Baar and the fact that no one was there to answer the door on a Friday
2  afternoon have no bearing whatsoever on the alter ego inquiry. Thus, Mr. Mansfield's declaration
3  is irrelevant in its entirety.
4      BBG Communications further objects to Mr. Mansfield's declaration on the grounds that
5  Mr. Mansfield, in submitting a declaration to oppose BBG Communications' motion for summary
6  judgment, has made himself a percipient witnesses. Mr. Mansfield has thus waived the attorney-
7  client privilege and work product doctrine protections that may have attached in this case and in
8  *Sajfr et al v. BBG Communications, Inc.*, No. 10-CV-2341 WVG, also pending in this Court.
9  *Hernandez v. Tanninen*, 604 F.3d 1095, 1100-01 (9th Cir. 2010) (holding that attorney's
10 declaration in support of opposition to a motion waived both attorney-client and work product
11 protections as to all information related to the subjects disclosed in the declaration). In the event
12 that BBG Communications' motion for summary judgment is denied, counsel cannot assert either
13 the privilege or work product to prevent BBG Communications from taking discovery into the
14 substance of Mr. Mansfield's declaration. *Id.* If Mr. Mansfield intends to invoke the privilege to
15 block such discovery, then his declarations should be inadmissible at this juncture, as he cannot
16 use the privilege as both a sword and a shield. *Verizon California, Inc. v. Ronald A. Katz*
17 *Technology Licensing, L.P.*, 266 F. Supp. 2d 1144, 1148 (C.D. Cal. 2003) (The work product
18 doctrine "may not be used both as a sword and a shield."). *See also In Re Echostar*
19 *Communications Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. 2006) ("A district court should balance the
20 policies to prevent sword-and-shield litigation tactics with the policy to protect work product.");
21 *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702-03 (10th Cir. 1998) ("The
22 word product doctrine serves as a shield, not as a sword.").
23     Finally, BBG Communications objects to Mr. Mansfield's declaration pursuant to the
24 doctrine of unclean hands. Mr. Mansfield declares that he visited and attempted to contact BBG
25 Global on "Friday, November 12, 2010." [Mansfield Decl. ¶ 2.] On the same day,
26 Mr. Mansfield's office filed the Complaint in the *Sajfr* action. In other words, Mr. Mansfield
27 visited and attempted to contact BBG Global ***on the same day*** that his law firm filed a lawsuit
28 against BBG Communications, BBG Global's alleged alter ego, without regard to whether BBG

1  Communications was represented by counsel. *See* CALIFORNIA RULE OF PROFESSIONAL CONDUCT
2  NO. 2-100. Mr. Mansfield should not be able to use his disregard of the ethical canons of the
3  California Bar to his advantage.
4      BBG Communications thus respectfully requests that the Court disregard Mr. Mansfield's
5  declaration in its entirety.

### Objections To The Declaration Of Eric J. Benink

7      BBG Communications objects to Mr. Benink's declaration as a whole for two of the same
8  reasons that it objects to Mr. Mansfield's declaration. First, Mr. Benink's declaration, like
9  Mr. Mansfield's, is directed exclusively at Plaintiff's claim that BBG Communications and BBG
10 Global are alter egos. The alter ego issue is irrelevant for the reasons explained in connection with
11 Mr. Mansfield's declaration. FED. R. EVID. 402. Moreover, Mr. Benink merely attempts to
12 present facts to suggest that BBG Communications and BBG Global (1) have similar owners,
13 officers, and directors, each of whom did work for both companies; (2) share office space; and (3)
14 share certain employees. Such allegations, however, even if true are insufficient to sustain an alter
15 ego allegation and are thus irrelevant. *Associated Vendors, Inc.*, 210 Cal. App. 2d at 837.
16     BBG Communications next objects to Mr. Benink's entire declaration because he has made
17 himself a percipient witness and has thus waived attorney-client privilege and the work product
18 doctrine. To the extent that Mr. Benink intends to assert attorney-client privilege and the work
19 product doctrine, his declaration should be held inadmissible, as he may not use the attorney-client
20 privilege and work product doctrine as both a sword and a shield.
21     Because BBG Communications' objections based on relevance and Mr. Benink's status as a
22 witness permeate his declaration as a whole, BBG Communications does not list these objections
23 in each of the objections below. Rather, BBG Communications lists only additional objections.

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| 1. | "It is Evans' belief that with the benefit of comprehensive discovery, Evans will be able to prove that BBG Global is alter ego of BBGC and that BBG | **Personal knowledge, improper opinion testimony. hearsay.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of "Evans' | Overruled ☐ Sustained ☐ |

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | Global is a shell corporation controlled by BBGC and its owners and officers." Benink Decl. ¶ 2. | belief." Moreover, this sentence constitutes improper lay opinion testimony. Furthermore, to the extent that Mr. Benink is repeating what Mr. Evans told him, this sentence constitutes inadmissible hearsay. FED. R. EVID. 602, 701, 802. | |
| 2. | "Rafael Galicot is the secretary and director of BBGC. Declaration of Rafael Galicot, (Doc. No. 31-10), ¶ 1.)" Benink Decl. ¶ 4. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Mr. Galicot's role at BBG Communications. Moreover, to the extent that Mr. Benink is merely testifying about the contents of Mr. Galicot's previously submitted declaration, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 3. | "He also purportedly executed the agreement between Network Operator Services, Inc. ("NOS") and BBG Holdings, Ltd., on behalf of BBG Holdings, Ltd. BBG Holdings, Ltd. was BBG Global's predecessor under that contract. Declaration of Susan Freeman (Doc. No. 31-7), ¶¶ 3, 4, Ex. 4.)" Benink Decl. ¶ 4. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Mr. Galicot's execution of the agreement between BBG Holdings, Ltd. and Network Operator Services, Inc. ("**NOS**") Moreover, to the extent that Mr. Benink is merely testifying about the contents of Ms. Freeman's previously submitted declaration or the agreement between BBG Communications and NOS, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 4. | "The address of BBG Holdings, Ltd. identified in the NOS-BBG Holdings, Ltd. contract is 1658 Gailes Blvd., Suite B, San Diego, CA 92152, which is the same as the address BBGC identified as its own in its Answer to the FAC (See, BBG's Answer to FAC, If 7 (Doc. No. 28.))" Benink Decl. ¶ 5. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of BBG Holdings, Ltd.'s address. Moreover, to the extent that Mr. Benink is merely testifying about the contents of the contract between BBG Holdings, Inc. and NOS and BBG Communications' Answer in this | Overruled ☐ Sustained ☐ |

-4-

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | | action, he violates the best evidence rule. FED. R. EVID. 602, 1002. | |
| 5. | "An email address identified for BBG Global in the Location Agreement between Bahamas Communications Services, LTD ("BCS") and the Nassau Port Department, notices@bbgcomm.com (Declaration of Jorge Macari ("Macari Decl.") (Doc No. 31-1), Ex. 1, p. 5) has the name domain name as the email address on BBGC's website: contact@bbgcomm.com." Benink Decl. ¶ 6. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of BBG Global's email address. Moreover, to the extent that Mr. Benink is merely testifying about the contents of the Location Agreement and BBG Communications' website, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 6. | "The attorney identified in the agreement between BBG Global and BCS (Macari Decl., Ex. 3, p. 7), Jerry Gumpel, is a San Diego attorney from Sheppard Mullin Richter & Hampton, LLC, the same firm representing BBGC in this action." Benink Decl. ¶ 7. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge Mr. Gumpel's representation of BBG Global. Moreover, to the extent that Mr. Benink is merely testifying about the contents of an agreement between BBG Global and Bahamas Communications Services, LTD ("**BTS**") he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 7. | "A Pilar Urbino purportedly executed the BBG Global-BCS contract as BBG Global's "Managing Director." (Macari Decl., Ex. 3, p. 7, 9.)." Benink Decl. ¶ 8. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge Ms. Urbino's signing of the agreement between BBG Global and BTS. Moreover, to the extent that Mr. Benink is merely testifying about the contents of an agreement between BBG Global and BTS he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 8. | I found a profile for a Pilar Urbino on a website at the domain name trithcapital.com . After | **Personal knowledge, hearsay, best evidence rule.** Mr. Benink has not laid any foundation to | Overruled ☐ Sustained ☐ |

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | clicking the link "Our Team" followed by the link for 'Sales — SD,' the biography of Pilar Urbino appeared. According to the biography, Urbino is Vice President, Investor Relations at Trith Capital. The biography states that 'for the past 3 years [she] has served as Sr. VP of a International Telecommunications [sic] company based in Switzerland.' According to the contacts page on the website, Trith Capital has offices in Encinitas, CA. Attached hereto as Exhibit 2 are true and correct copies of the website pages that I printed on January 31, 2011." Benink Decl. ¶ 8. | establish that he has personal knowledge of Ms. Urbino's employment history. Moreover, to the extent that Mr. Benink is merely testifying about the contents of the website trithcapital.com, he violates the best evidence rule. Finally, because Mr. Benink presents this website for the truth of the mater asserted therein, it constitutes inadmissible hearsay. FED. R. EVID. 602, 802, 1002. | |
| 9. | "I identified a website purportedly for BBG Global at bbgglobalch.com. On the "Contact Us" page, the address Bahnhof Park #4, CG-6340 Baar, Switzerland is provided. Attached hereto as Exhibit 3 is a true and correct copy of the website page that I printed on January 31, 2011." Benink Decl. ¶ 9. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of the ownership of the website www.bbgglobalch.com. Moreover, to the extent that Mr. Benink is merely testifying about the contents of that website, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 10. | "This same address appears in the BCS-BBG Global contract. (Macari Decl., Ex. 3, p. 7.)" Benink Decl. ¶ 9. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of the contract between BCS and BBG Global. Moreover, to the extent that Mr. Benink is merely testifying about the contents of that contract, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 11. | "As set forth in the Declaration of Alan Mansfield, filed herewith, Bahnhof Park #4, CG-6340 Baar, Switzerland is a small office that was unoccupied on a Friday afternoon. On the door to the | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Mr. Mansfield's visit to Baar. Moreover, to the | Overruled ☐ Sustained ☐ |

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | office was a piece of paper with the name 'BBG Global AG' taped to it." Benink Decl. ¶ 9. | extent that Mr. Benink is merely testifying about the contents of Mr. Mansfield's declaration, he violates the best evidence rule. FED. R. EVID. 602, 1002. | |
| 12. | "A letter from BBG Holdings, Ltd to NOS dated March 2, 2007 utilized the same logo used by BBGC on its website. (Macari Decl, Ex. 5); Exhibit 1 hereto." Benink Decl. ¶ 10. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of the letter from BBG Holdings, Ltd. to NOS dated March 2, 2007. Moreover, to the extent that Mr. Benink is merely testifying about the contents of that letter, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 13. | "The same logo appears on BBG Global's website as well. There is no telephone number listed, but rather only a facsimile number. See Exhibit 3 hereto." Benink Decl. ¶ 10. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of BBG Global's website. Moreover, to the extent that Mr. Benink is merely testifying about the contents of that website, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 14. | "A March 2, 2007 letter from BBG Holdings, Ltd. to NOS was executed by Cristina Rodriguez Rios as General Counsel for BBG Holdings, Ltd. (Macari Decl, Ex. 5.)" Benink Decl. ¶ 11. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Ms. Rodriguez's role at BBG Holdings, Ltd. Moreover, to the extent that Mr. Benink is merely testifying about the contents of a letter from BBG Holdings, Ltd. to NOS, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 15. | "The letter included contact information for her at 619 661-6661 and cristina.rodriguez@bbgcomm.com. That same phone number is used by BBGC on its website. See | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Ms. Rodriguez's role at BBG Holdings, Ltd. Moreover, to the extent that | Overruled ☐ Sustained ☐ |

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | Exhibit 1." Benink Decl. ¶ 11. | Mr. Benink is merely testifying about the contents of a letter from BBG Holdings, Ltd. to NOS, he violates the best evidence rule. FED. R. EVID. 602, 1002. | |
| 16. | "Both BBGC and BBG Global's websites provide an email contact address as info@bbgcomm.com. See Exhibit 1 and 3 hereto." Benink Decl. ¶ 11. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of BBG Communications' website or BBG Global's website. Moreover, to the extent that Mr. Benink is merely testifying about the contents those websites, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 17. | "I found a profile for Ms. Rodriguez on a website at rodriguezpc.com. Attached hereto as Exhibit 4 is a true and correct copy of the website pages that I printed on January 31, 2011. According to the website, Rodriguez is an attorney practicing law in San Diego who previously 'was General Counsel for the BBG Group of Companies.'" Benink Decl. ¶ 11. | **Personal knowledge, hearsay, best evidence rule. Personal knowledge, hearsay, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Ms. Rodriguez's employment history. Moreover, to the extent that Mr. Benink is merely testifying about the contents of the website rodriguezpc.com, he violates the best evidence rule. Finally, because Mr. Benink presents this website for the truth of the mater asserted therein, it constitutes inadmissible hearsay. FED. R. EVID. 602, 802, 1002. | Overruled ☐ Sustained ☐ |
| 18. | "I identified a document entitled 'Handelsregister Des Kantons Zug' pertaining to BBG Global AG at the internet address http://www.hrazg.ch/webservices/ inet/HRG/HRG.asmx/ getHRGPDF?chnr=1703029593& amt=170&toBeModified=0&valid Only=0&lang=1&sort=0.<br><br>Attached hereto as Exhibit 5 is a true and correct copy of the document that I printed on | **Personal knowledge, hearsay, improper authentication, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of the www.hrazg.ch website or the documents contained thereon, nor has he properly authenticated them. Moreover, to the extent that Mr. Benink is merely testifying about the contents of that website and the documents contained | Overruled ☐ Sustained ☐ |

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | January 31, 2011 from that address." Benink Decl. ¶ 12. | thereon, he violates the best evidence rule. Finally, because Mr. Benink presents this website for the truth of the mater asserted therein, it constitutes inadmissible hearsay. FED. R. EVID. 602, 802, 901, 1002. | |
| 19. | "The document is in German. According to Google's Translation service, 'Handelsregister' means 'Register.' Zug is a Canton in Switzerland. The document lists Gregorio Galicot as the 'Prasident des Verwaltungsrates' (President of the Board.) It also identifies Rafael Galicot as the 'Prokurist' (Authorized Officer.)" Benink Decl. ¶ 12. | **Personal knowledge, improper translation, hearsay, improper authentication, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of the www.hrazg.ch website or the documents contained thereon, nor has he properly authenticated them. Moreover, to the extent that Mr. Benink is merely testifying about the contents of that website and the documents contained thereon, he violates the best evidence rule. Furthermore, Mr. Benink has not provided any certification regarding "Google's Translation service," Finally, because Mr. Benink presents this website for the truth of the mater asserted therein, it constitutes inadmissible hearsay. FED. R. EVID. 602, 604, 802, 901, 1002. | Overruled ☐ Sustained ☐ |
| 20. | "Gregario Galicot is the President of BBGC. (Declaration of Gregario Galicot filed in support of BBGC's Motion to Dismiss in *Sajfr*, (Doc No. 10-3), if 1.)" Benink Decl. ¶ 12. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Mr. Galicot's role at BBG Communications. Moreover, to the extent that Mr. Benink is merely testifying about the contents of Mr. Galicot's previously submitted declaration, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐ Sustained ☐ |
| 21. | "I have identified a profile for an Eduardo Marek on the professional networking website LinkedIn. His profile states:<br><br>    VP Strategic Alliances at | **Personal knowledge, hearsay, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of Mr. Marek's employment history. Moreover, | Overruled ☐ Sustained ☐ |

-9-

| W02-WEST:1VEA2\403303798.3 | DEFENDANT'S EVIDENTIARTY OBJECTIONS |

| # | Objectionable Excerpt Of Declaration | Additional Evidentiary Objections | Court's Ruling On Objection |
|---|---|---|---|
| | BBG Global AG Greater San Diego Area University of San Diego, MBA 2009 - 2011<br><br>Attached hereto as Exhibit 6 is a true and correct copy of the LinkedIn website profile that I printed from the LinkedIn.com website on January 31, 2011." Benink Decl. ¶ 13. | to the extent that Mr. Benink is merely testifying about the contents of the website linkedin.com, he violates the best evidence rule. Finally, because Mr. Benink presents this website for the truth of the mater asserted therein, it constitutes inadmissible hearsay. FED. R. EVID. 602, 802, 1002. | |
| 22. | "On February 9, 2011, I visited the County of San Diego's website at http://sdpublic.sdcounty.ca.gov. That website provides an online search capability for fictitious business names registered in the county. I used the feature to search for records pertaining to the owner 'BBG Communications.' I found 52 'Business Names' records registered by BBG Communications, Inc., including records for the names: 'French Phone,' 'German Phone,' and 'Holland Call.' Attached hereto as Exhibit 7 is a true and correct copy of a printout of the records I found." Benink Decl. ¶ 14. | **Personal knowledge, best evidence rule.** Mr. Benink has not laid any foundation to establish that he has personal knowledge of BBG Communications' alleged fictitious business names. Moreover, to the extent that Mr. Benink is merely testifying about the contents of the County of San Diego's website, he violates the best evidence rule. FED. R. EVID. 602, 1002. | Overruled ☐<br>Sustained ☐ |

Dated: February 18, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/
FRED R. PUGLISI
Attorneys for Defendant
BBG COMMUNICATIONS, INC.