# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EVANS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BBG COMMUNICATIONS, INC., a Delaware corporation, and DOES 1 - 10,<br><br>Defendant. | CASE NO. 10-CV-542-H (NLS)<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO CONSOLIDATE**<br><br>**(2) DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL** |

On January 13, 2011, Plaintiff Brandon Evans filed a motion to consolidate this case with a related case entitled <u>Sajfr v. BBG Communications, Inc.</u>, Case No. 10-CV-2341-H (NLS). (Doc. No. 34.) On the same day, Plaintiff also filed a motion to appoint interim class counsel. (Doc. No. 33.) On February 14, 2011, Defendant filed its opposition to the motion to consolidate and to the motion to appoint class counsel. (Doc. Nos. 38, 39.) On February 18, 2011, Plaintiff filed its reply to the motion to consolidate and to the motion to appoint class counsel. (Doc. Nos. 45, 46.) The Court submitted the motions on the papers on February 4, 2011. (Doc. No. 35.) After due consideration, the Court DENIES the motion to consolidate this case with Case No. 10-CV-2341 and DENIES the motion to appoint interim class counsel.

## BACKGROUND

On March 12, 2010, Plaintiff Brandon Evans ("Evans") filed a complaint against BBG Communications, Inc. ("BBG") alleging causes of action for violations of the Federal

1  Communications Act, violation of California Unfair Competition Law, unjust enrichment,
2  conversion, and declaratory relief.  (Doc. No. 1.)  Plaintiff alleges that he made three phone
3  calls home to the United States while he was on vacation in the Bahamas, relying on stickers
4  on the payphones advertising "U.S./International Calls from $.69 per minute." (Id. ¶ 11.) Two
5  of the phone calls lasted one minute and the third lasted two minutes.  (Id. ¶ 13.)  Plaintiff
6  alleges that Defendant charged his debit card $1.95 for each of the three calls and $41.89 for
7  the first call, $41.91 for the second call, and $41.94 for the third call.  (Id. ¶ 14.)  On May 24,
8  2010, Defendant BBG filed a motion to dismiss.  (Doc. No. 5.)  The Court granted to motion
9  to dismiss on June 18, 2010.  (Doc. No. 12.)  On July 16, 2010, Plaintiff Evans filed a First
10 Amended Complaint ("FAC").  (Doc. No. 13.)  On July 30, 2010, Defendant BBG filed a
11 motion to dismiss the FAC.  (Doc. No. 15.)  The Court denied the motion to dismiss the FAC
12 on November 17, 2010.  (Doc. No. 27.)  The FAC alleges causes of action for violation of
13 California Unfair Competition law, breach of implied contract, and conversion.  (Id.)  On
14 December 1, 2010, BBG filed its answer to the FAC.  (Doc. No. 28.)  On January 12, 2011,
15 BBG filed a motion for summary judgment (currently pending).  (Doc. No. 31.)

16      On November 12, 2010, Plaintiffs Vlastimil Safjr ("Safjr") and David Keeports
17 ("Keeports") filed a complaint against BBG Communications in a related case, Sajfr v. BBG
18 Communications, Inc., Case No. 10-CV-2341-H (NLS).  (Doc. No. 1 in Case No. 10-CV-
19 2341.)  The complaint alleges causes of action for violation of California Unfair Competition
20 law, breach of contract, violation of Consumers Legal Remedies Act, declaratory relief, money
21 had and received, money paid, restitution/unjust enrichment, and violation of California Penal
22 Code § 632.  (Id.)  Plaintiff Safjr alleges that he made a call from Defendant's payphone in
23 Germany and was charged $54.33 for a one minute phone call.  (Id. ¶ 10(a).)  Plaintiff
24 Keeports alleged that he made two calls totaling seven minutes from Defendant's payphone
25 and was charged $150.  (Id. ¶ 10(b).)  Plaintiff Keeports further alleges that when he called
26 BBG to complain, the customer service representative recorded his call without his consent.
27 (Id.)  Defendant BBG has not yet answered in this case and filed a motion to dismiss the
28 complaint on January 12, 2011.  (Doc. No. 10 in Case No. 10-CV-2431.)

**DISCUSSION**

**I. Motion to Consolidate**

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion under this rule to consolidate cases pending in the same district. Investors Research Co. v. U.S. District Court for Cent. Dist. of C.A., 877 F.2d 777, 777 (9th Cir. 1989). A motion to consolidate may be denied if the common issue is not central to the resolution of the cases, if consolidation will cause delay in the processing of one or more of the individual cases, or if consolidation will lead to confusion or prejudice in the effective management or trial of one or more of the cases. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2383 (1971).

After considering the parties' arguments, the Court declines to consolidate these cases. The lawsuits are at different phases of the pretrial process. The Evans case was filed over six months before the Safjr case and has a summary judgment motion pending in the case. In contrast, the Sajfr case is at a significantly earlier stage, facing the first motion to dismiss. The Court is concerned that consolidation may cause delay and confusion, and that it could inhibit efficient resolution of these matters. Furthermore, the two cases only share two causes of action and the Safjr case alleges several other causes of action, including an allegation of illegal taping of a phone conversation. According, exercising its discretion, the Court DENIES Plaintiff Evan's motion to consolidate without prejudice.

**II. Motion to Appoint Class Counsel**

Plaintiff also filed a motion to appoint interim class counsel in this case and the Safjr case. (Doc. No. 33.) Plaintiff seeks to appoint Krause Kalfayan Benink & Slavens, LLP (counsel for Plaintiff Evans) and the Consumer Law Group (counsel for Plaintiffs Safjr and Keeports) as lead counsel. (Id. at 2.)

Federal Rule of Civil Procedure 23(g)(3) provides that, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the

action as a class action." Fed. R. Civ. P. 23(g)(2)(A). As the Manual for Complex Litigation recognizes, the type of situation in which interim class counsel is appointed is one where a number of overlapping, duplicative, or competing suits are present. See Manual for Complex Litigation, Fourth, § 21.11, at 246 (Federal Judicial Center 2004) (hereinafter "Manual"). The Manual states:

> In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Id. The Manual further states that "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Id.

The Court denies Plaintiff's motion for appointment of interim class counsel. Plaintiff submits evidence that suggests that both Krause Kalfayan Benink & Slavens, LLP and the Consumer Law Group are well qualified to represent the proposed class. However, the Court concludes that appointment of class counsel would be premature at this stage. A motion for summary judgment is currently pending in this case. Furthermore, a number of overlapping, duplicative, or competing suits are not present. In addition to the Evans and Safjr cases, only one other case has been filed against BBG Communications in this Court. See Wood v. BBG Communications, Inc., Case No. 11-CV-227-H (NLS). Accordingly, the Court denies Plaintiff's motion for appointment of interim class counsel without prejudice.

## CONCLUSION

After due consideration and exercising its sound discretion, the Court DENIES without prejudice Plaintiff's motion to consolidate this case with Case No. 10-CV-2341 and motion to appoint class counsel.

**IT IS SO ORDERED**.

DATED: February 25, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT